## Ely *vs.* Ehle.

Where a chattel is tortiously taken from the actual or constructive possession of the owner, he may at his election bring trespass *de bonis asportatis*, or replevin in the *cepit*.

And the owner is in the constructive possession of the goods within this rule, although a bailee may, at the time of the tortious taking, have the actual possession.

If goods be *delivered* by a carrier or other bailee to a stranger, trespass will not lie by the owner against the person to whom they are delivered.

But where goods are fraudulently sold by a carrier, and the purchaser takes them *without delivery*, it seems that trespass or replevin in the cepit will lie by the owner against the purchaser, although he bought the goods in good faith.

In replevin the plea of non-cepit only puts in issue the taking of the goods, and the place where they were taken, if that is material. Any matter of justification or excuse must be specially pleaded.

APPEAL from a judgment of the supreme court. The case is stated in the opinion of JEWETT, J.

*N. Hill, Jr.* for appellant.

*L. H. Morgan,* for respondent.

JEWETT, J. This was an action, of replevin in the *cepit*, for taking twenty-five barrels of flour of the plaintiff from the canal boat J. D. Hawks, in August, 1846, at the village of Canajoharie, being in the custody of one Hays as a common carrier and captain of the boat. The plea was *non-cepit*, under which the defendant gave a notice that he would give in evidence on the trial—1st. That the flour was his property.

Ely *v.* Ehle.

2d. That the flour was the property of Hays; and 3d. That the legal and exclusive possession and right of possession of the flour was in Hays.

On the trial it was proved, that on the day and at the place mentioned in the declaration, the defendant *took* twenty-five barrels of superfine wheat flour and removed them to his store in Canajoharie, and sold them out to his customers in the usual course of business. On cross-examination of the witness by whom the taking was proved, he testified that he was a clerk of the defendant at the time; that the defendant purchased the flour in good faith and for a fair price, of Henry Hays, captain of the canal boat in question, who declared at the time that he had a right to sell. And having given evidence tending to

me and place mentioned, defendant then offered to he purchased the flour in n, and in good faith from [H]awks, navigating the Erie vidence was objected to as nd also as immaterial, un- that Hays had authority to at under the plea of *non-* r was not put in issue, but ore under the pleadings, the secondly, it was immaterial, w that Hays had authority :. The supreme court sit- grant a new trial, and the dgment. as the evidence offered ma- *tortious* or unlawful taking another, *actual* or *construct-* ction, have trespass *de bonis*

. (*Pangburn* v. *Patridge,* 7 *John.* 140; *Thompson* v. *Button,* 14 *id.* 87; *Mills* v. *Martin,* 19 *id.* 31; *Clark* v. *Skinner,* 20 *id.* 465; *Rogers* v. *Arnold,* 12 *Wend.* 30; *Barrett* v. *Warren,* 3 *Hill,* 348; *Pierce* v.

*Van Dyke*, 6 *id.* 613.) And it has been held that replevin in the *detinet* without a demand would also lie. (*Cummings* v. *Vorce*, 3 *id.* 282.) The plaintiff was the owner and had possession constructively, of the flour, although the common carrier had a qualified possession. In *Barrett* v. *Warren*, it was held to be a general rule that trespass will not lie against one who comes to the possession of the goods by *delivery* and without fault on his part, although it should turn out that the person who made the delivery had no title and was a wrongdoer. And for this rule was cited *Marshall* v. *Davis*, (1 *Wend.* 109;) *Nash* v. *Mosher*, (19 *id.* 431;) *Wilson* v. *Barker*, (4 *B. & Ad.* 614;) *Viner, Trespass M. pl.* 11, 12; *Bac. Abr. Trespass E.* 2, *citing Bro. Abr. Trespass, pl.* 48.

In *Marshall* v. *Davis*, and *Nash* v. *Mosher*, the right to the action was put on the non-consent of the bailee. And it was said if the goods be *delivered* by the bailee, trespass lies not, against the person to whom they are delivered. But if *sold* or *taken without delivery*, trespass would lie for the taking; and such is the distinction which follows from these cases and the cases cited by the court and the original *dicta* on which they rest. In *Viner, Trespass M. pl.* 11, it is laid down that "If I bail goods to a man, who gives or sells them to a stranger, and the stranger *takes them without delivery*, I shall have trespass; for by the gift or sale, the property is not changed, but by the taking; but if the bailee *delivers them to the stranger*, I shall not have trespass." The like distinction is made in respect to a gift or sale of goods by an infant; if he deliver them trespass does not lie, but if taken without delivery it does. (*Viner, Trespass M. pl.* 12.) The rule seems to be, that if an infant give or sell his goods and *delivers them with his own hands*, the act is voidable only; but if he give or sell goods, and the donee or vendee take them, by force of the gift or sale, the act is *void* and the infant may bring trespass. (*Fonda* v. *Van Horn*, 15 *Wend.* 631; 1 *Mod.* 137; *Bac. Abr. Infancy & Age*, 1, *pl.* 3; *Roof* v. *Stafford*, 7 *Cowen*, 179.)

Conceding that this distinction exists and is sound, the evidence offered was clearly not material. For it had been proved,

that on making the purchase of the twenty-five barrels of flour, the defendant took and removed them to his store. There is no evidence that Hays did any other act in respect to the flour, than to contract with the defendant to sell it to him ; he did not *deliver* it to him ; or at least, there is no evidence that he did. From the evidence of his acts, and the acts of the defendant, the plain inference is, that the latter *took* the flour by force of the contract of sale, without any actual delivery being made to him by Hays ; and according to this well settled distinction, the defendant, by taking and removing the flour to his store, became a trespasser, Hays having no authority to sell. It is enough for the plaintiff to show his title, and the original tortious taking. (*Barrett* v. *Warren, Pierce* v. *Van Dyke, supra.*) The plea admitted the title of the plaintiff ; and the proof showed an unlawful and fraudulent sale of the flour by Hays. Under the provisions of 2 *R. S.* 679, §§ 62, by making such sale he was guilty of a larceny, and if he may be deemed to have broken bulk, (and I think he may,) it was a larceny at common law, (2 *Russ. on Crimes*, 59, 60, 61,) and either involved a trespass. By selling, Hays put an end to the privity of contract between him and the plaintiff, and trespass or replevin would lie against him ; and it being a rule well settled, that if the defendant *took* the flour *without a delivery* by Hays, although he purchased in good faith and for a valuable consideration, he stands in no better situation : he is to be deemed as having taken the flour *tortiously;* and therefore trespass or replevin in the cepit lies against him at the election of the plaintiff.

Having proved the original tortious taking, the cases referred to assert the principle, that it then lies on the purchaser or bailee, in order to protect himself from liability as a trespasser, to show that he came to the possession of the property for a lawful purpose and in perfect good faith, by *delivery* from the wrongdoer. That being proved, and that he had been guilty of no fault, he would be protected against a liability, as a tortious taker of the property, although, even in that case, he would be answerable to the owner for the property, in trover or replevin in the *detinet,* after demand and refusal to deliver ; for

he could not acquire any title to the property by his purchase. Hays being a wrongdoer, if he had not only sold, but had delivered the flour to the defendant, the latter would not have acquired any title to it as against the plaintiff thereby, for the obvious reason that Hays did not acquire any himself, by his tort. The evidence offered and rejected was clearly immaterial, so long as it was not proposed to show that Hays was authorized to sell, or to controvert the fact proved, that the defendant took and removed the flour to his store, without any delivery thereof to him by Hays.

The remaining question in the case is, was the evidence offered, if material, admissible under the plea? It was not offered as pertinent to establish either branch of the defence, contained in the notice subjoined to the plea. The general issue in replevin in the cepit is *non-cepit*. It applies to the case where the defendant has not, in fact, taken the goods, or when he did not take them, or have them in the place mentioned in the declaration. For it may be observed, that the declaration alledges, that the defendant " took certain goods of the plaintiff in a certain place," &c. and the plea states that he did not take the said goods " in manner and form as alledged." This at common law involved a denial, both of the taking and of the *place* in which the taking was alledged to have been, and nothing more. (*Bemus* v. *Beekman*, 3 *Wend.* 667; *Smith* v. *Snyder*, 15 *id.* 324; *Bloomer* v. *Juhel*, 8 *id.* 448; *The People* v. *Niagara C. P.* 4 *id.* 216; 1 *Chit. Pl.* 159, 408.) And the same effect is given to this plea by the 2 revised statutes, (528, § 39,) which provides that such plea, when the wrongful taking of the property described in the declaration is complained of, shall put in issue not only the taking of such goods and chattels, but such taking in the place stated, when the place is material; and it is well settled that this plea applies to no other defence. (*Stephens' Pl.* 161; 1 *Chit.* 157, 490; 1 *Saund.* 347, *n.* 1.) In *Wildman* v. *Norton*, (1 *Vent.* 249,) it was held, if the plea be non-cepit, property can not be given in evidence. The plea in a word admits every fact necessary to maintain the action but one; that is, an actual taking of the property in question by the

defendant. That fact being proved, the plaintiff maintains that issue.

I think the rule in an action of trespass *de bonis asportatis*, when the general issue is pleaded, applies in replevin when non-cepit is pleaded; that if the defendant has cause of justification or excuse, he must plead it, and can not give it in evidence under the general issue. The reason for the rule applies as forcibly in replevin as in trespass; it being necessary to prevent surprise, and to enable the parties to go to trial on equal terms, with respect to evidence and proof of facts. (*Demick* v. *Chapman*, 11 *John*. 132.)

My conclusion therefore is, that the evidence offered, if material, was not admissible under the plea. The judgment should be affirmed.

Judgment affirmed.