JOHN H. BULLARD v. B. F. RAYNOR and another.

After an account containing, among other items, a charge of the sum paid to take up a note made by the debtor, has been rendered to the debtor, and its correctness conceded by him, and the account has become a stated account, neither the debtor nor his assignee can assail the note for usury, when the same is brought forward as a set-off by the party rendering the account.

If one permits an account into which a usurious item enters, to become stated, and then assigns to a third person his demands against the party rendering the account, the assignee will take the claim subject to the right of the party rendering the account to rest upon the same as a stated account.

Usury is a defence personal to the party known as the borrower. He can not transfer to another the right he has to allege and prove a demand to be usurious.

The maker of a promissory note, tainted with usury, may by bill in equity, assert the usury and defeat the note as a set-off, notwithstanding an account between him and the holders thereof, embracing such note, has been rendered, and has become a stated account. But while it stands a stated account as between him and the holders of the note, the assignee of the maker is concluded by it, and can not assail the note for usury when it is claimed as a set-off.

THE plaintiff by his complaint, claimed to recover of the defendants as partners, the sum of $114.38 for goods sold and delivered to them. Also, $3,173.04 for money loaned to and debts assumed by E. F. Bullard for the defendants, for $1,000 of which the defendants gave their note at six months from 30th September, 1854, payable to the estate of Jacob Snyder, which note was afterwards transferred to said E. F. Bullard. It was alleged there was still due on said note $104.18. E. F. Bullard assigned all his claims against defendants to the plaintiff.

The defendant Raynor alone appeared, and by his answer alleged that the $114.38 for goods sold, had been fully paid.

The note for $1,000 was borrowed of the defendants, and was wholly without consideration. That the money loaned

by E. F. Bullard had been fully paid, and that there was a balance due the defendants which they insisted upon by way of counter-claim.

On the trial the plaintiff proved a letter signed by defendants, and addressed to E. F. Bullard, in which they admitted an indebtedness to the plaintiff for potatoes and buckwheat in the sum of $114.38, and requested said E. F. B. to settle with the plaintiff for the same. This letter was dated 23d December, 1854. The plaintiff rested. On the part of the defense, it was shown by E. F. B. that he did assume the said debt of $114.38 to his brother the plaintiff, and by the defendant Raynor, that said E. F. B. was credited in account on the defendants' books for this sum, and that the account containing such credit had been rendered to E. F. B., and its correctness conceded. It was also shown that the plaintiff when inquired of by the defendants whether E. F. B. had assumed said debt, admitted he had, and subsequently said E. F. B. had applied to the plaintiff for leave to sue the defendants in his name for the said $114.38. The only item of dealing between the parties really in controversy in this suit, was one of $75, the facts in regard to which were briefly as follows: There is charged to E. F. B. on the defendants' books under date of 20th July, 1854, the sum of $75, as "*paid your note held by Harrington after shaving it. It will be due the 13th inst.*" The account containing this item, with others of dates prior and subsequent, consisting of both debts and credits, was rendered to E. F. B. as above stated, and its correctness conceded by him. E. F. B. testified that the note thus charged to him, was a note which he loaned to Harrington for his (H.'s) accommodation, and that he (H.) was to pay and take it up. Raynor testified that Harrington brought said note to the defendants' store, and wanted the money on it, and he (R.) proposed to let him have $70 for the note, and Harrington accepted the offer, and R. paid him the $70 and took the note.

The court charged the jury among other things, that if the $75 note was usurious, yet if the maker had stated the account including it, and thereby admitted the correctness of the charge, the plaintiff claiming as assignee of the maker, could not set up the defense of usury; to which the plaintiff's counsel excepted.

The appellant's counsel in his points, insisted on the alleged error in this branch of the charge only to reverse the judgment of the court below.

. The jury rendered a verdict for defendants. On which judgment was entered, which was affirmed at a general term in the 4th district.

*A. Pond*, for the appellant.

*J. R. McIntosh*, for the respondents.

MULLIN, J.   E. F. Bullard assigned to the plaintiff all claims and demands which he had against the defendants. This assignment unquestionably carried all moneys due said E. F. Bullard from the defendants, whether for loans or advances made to the defendants, or for debts paid by him for them. The plaintiff took subject to all defenses existing against his assignor in favor of the defendants. The amount which the plaintiff was entitled to recover, was the balance due to E. F. B. after allowing all payments made by the defendants. Amongst other deductions which the defendants claimed should be made from the amount of moneys apparently due to E. F. B., was the note of $75 loaned by him to Harrington. This note, if valid, was a legal set-off against E. F. B. and against the plaintiff, unless the latter can assail it for usury.

Two reasons are assigned why the plaintiff can not assail a claim against his assignor for usury.   1st. Because he is not a borrower; and 2d. Because the assignor had stated the account between himself and the defendants, in which

he was charged with the money paid for the note in question, thereby admitting the correctness of the charge. The plaintiff can not thereafter set up usury to defeat the claim.

I can not agree to the first proposition. I think the assignee of the demand in suit can resist it for usury, unless his assignor has by his acts in reference thereto, precluded him. No rule of law is better settled than that the purchaser of property charged with a usurious lien or claim, can allege the usury and defeat the claim, when the purchaser sold discharged of such usurious lien. (*Post* v. *Dart*, 8 Paige, 639; *Shufelt* v. *Shufelt*, 9 id. 137; Ord on Usury, 131; *Brooks* v. *Avery*, 4 Coms. 225.)

In *Shufelt* v. *Shufelt*, the chancellor gives the reason of the rule. He says (page 145): "In the ordinary case of the giving of an usurious mortgage by the owner of the mortgaged premises, the statute having declared the usurious security void, the owner of the premises, of course has the right to sell his property or to mortgage the same, as though such void mortgage had never existed. And the purchaser in such a case necessarily acquires all the rights of his vendor to question the validity of the usurious security. For if the original mortgagor had not that right, the premises would to a certain extent, be rendered inalienable in his hands, notwithstanding the security was absolutely void as to him."

The principle must embrace personal property as well as real, and the right of the vendee to avail himself of the usury in the dealings between his vendor and a third person, touching the property, must reach every case where such third person attempts to appropriate the property purchased, by virtue of any usurious contract with the vendor.

The case before us affords a very apt illustration of the necessity of extending the principle to this class of cases. Assuming that the defendants were indebted to E. F. B. $100 or any other sum, and that the defendants held the note in controversy void for usury, if the $100 were not

the subject of sale and assignment, discharged from any usurious lien or agreement in reference thereto, the debt would be practically inalienable. The law gives to a debtor the right to retain in his hands money due from him to another, sufficient to satisfy any demand he may have against his creditor, which is available as a set-off. This is to all intents and purposes a lien on the fund, and if the set-off is usurious, the person entitled to the fund must be entitled to avail himself of the usury.

In such a case it is competent for the vendor or assignor to waive the usury and sell the claim, subject to any lien which may exist against it, or he may elect to consider the usurious lien void, and sell the claim discharged of it, and in such case the vendee or assignee will have the right to protect the whole interest he has purchased against the usurious lien.

Although the learned judge, who delivered the opinion of the court below, declares it to be his opinion that the plaintiff could not resist the note in question on the ground of usury, the decision of the court is not put on that ground, but upon the second ground above stated, viz: that if E. F. B. had stated the account including the usurious note, and thereby admitted the correctness of the charge, the plaintiff could not resist it on the ground of usury.

We must assume that the jury found the note to be usurious; that the account was stated including the note, and that the plaintiff thereby admitted its correctness.

The charge leaves it uncertain whether the plaintiff was prevented from asserting the usury by reason of an estoppel resulting from the acts of his assignor, or whether the note must be held to have been paid before the assignment to the plaintiff. As the same judge delivered the opinion in the general term who tried the cause at the circuit, we must assume that his charge at the circuit was put on the latter ground, as that is the one put forth in the opinion at the general term. So understanding the charge, I think

it was right. The defendants kept the account on their books of the moneys received from and paid to E. F. Bullard. It was their right to charge him with the note given by him to Harrington, subject to its being repudiated when the entry came to his knowledge. A copy of the account embracing this item was presented to him, and this charge was never disputed by him. After the expiration of a reasonable time from the rendition of this account without objection, it became stated. The effect of stating an account is to bind the party by it as correct in its items and in the balance struck, and thereafter the burthen is on him to show it to be increased by reason of fraud or mistake. (*Lockwood* v. *Thorne*, 1 Kern. 170.)

If E. F. Bullard was concluded by the rendition of the account, the result would be that he having assented to the appropriation of the moneys in the defendants' hands to the payment of the note, he is not permitted to recall it; and the demand passed to the plaintiff with this item adjusted and satisfied between the assignor and the defendants.

In *Barrow* v. *Rhinelander* (1 Johns. Ch. R. 550; Same case in error, 17 Johns. R. 538), Chancellor Kent held that stating an account did not preclude a party who had been the victim of a usurer from obtaining relief in chancery against the usury. The same doctrine has been asserted in other cases. (2 Johns. Ch. R. 191; 1 Ves. Sr. 317; *Bullock* v. *Boyd,* Hoff. 294; *Philips* v. *Belden*, 2 Edw. 1.) I do not intend to disturb these cases. If the usury laws are to be enforced so as to prevent usury, they must not leave a door open through which the usurer can insert his finger; if an opening is left he will soon have his whole body through. If stating an account will prevent investigation into a usurious transaction, all dealings into which usury enters will soon take the form of stated accounts, and the law be made a shield, instead of a sword, against violators of this wholesome and necessary law.

If E. F. B. were the party plaintiff, I should hold him entitled to repudiate this settled account, and to resist the set-off of the note. But, so far from manifesting any desire to take advantage of the usury, he has permitted the account into which this usurious item enters to become stated, and then assigns to the plaintiff. The latter must take the claim, subject to the rights of the defendants, to rest upon the account as stated.

Usury is a defense personal to the party known as the borrower. He cannot transfer to another the right he has to allege and prove a demand to be usurious.

The only way a third person can avail himself of usury is by purchasing property charged with a lien or incumbrance which is usurious, and then only in protection of his title. On the facts in this case E. F. B. might, by bill in equity, have asserted the usury in this note, and defeated it as a set-off, notwithstanding the account between him and the defendants had become a stated account; but while it stood as a stated account as between him and the defendants, the assignee was concluded by it, and could not assail it successfully so as to let in the defense of usury.

The appellant has not alluded, in his points, to the charge of the court in regard to the mistake of $100 in the defendants' account, which they were permitted on the trial to rectify as against the plaintiff; and hence I presume he has become satisfied that the ruling was right. If the point was raised, it would be unavailing, as there can be no doubt but that such mistake could be corrected between the original parties, and the plaintiff could recover no more than his assignor was legally entitled to recover from the defendants.

The judgment should be affirmed, with costs.

WRIGHT, J. The questions arise upon the charge of the court; and, to have a right understanding of them, it will be necessary to see what the case was. The plaintiff

claimed, as assignee of E. F. Bullard, to recover of the defendants, as partners, the sum of $104.18, as the balance of accounts between E. F. Bullard and the defendants. The substance of the arrangement between the defendants and Bullard, out of which the account arose, was, that he should, from time to time, let the defendants have money, and they were to receive and pay his drafts and orders when presented. In the fall of 1856, E. F. Bullard stated the account between the parties, making the sum of $109.11 as the balance due to him. The account, as thus made up, was presented to the defendants, and payment of the balance demanded; but not being paid, it was assigned by E. F. Bullard in March, 1857, to the plaintiff. The complaint admitted that the defendants had from time to time made payments to E. F. Bullard, leaving the sum of $104.18 due him on the 1st December, 1856, for which amount judgment was demanded. In the account as stated by the plaintiff's assignor, among other items therein allowed to the defendants as payments, was a $75 note made by Bullard, payable to the order of one Harrington, which was paid by the defendants. It appears in evidence that about a week after the date of the note, which had ninety days to run, Harrington came to the defendants' store, and wanted to get the money on it. The defendants' objected to paying it then, saying that money was worth more than the interest to them; but Harrington finally agreed to take $70 for it, and they paid him that amount. Through mistake in the account stated by E. F. Bullard, no credit was given to the defendants for $100 paid to S. G. Perkins, on the 26th September, 1854, on Bullard's order. Allowing the Harrington note as a payment, and also the $100 paid to Perkins and omitted to be credited, it would leave nothing due to the plaintiff. The court charged the jury, among other things, that if the $75 note was usurious, yet if the maker had stated the account including it, and thereby admitted the correctness of the charge, the plaintiff, claim-

ing as assignee of the maker, cannot set up the defense of usury. To this proposition there was an exception. The court further charged, that if the jury were satisfied from the evidence that the $100 claimed to have been paid by the defendants to Perkins, September 26, 1854, was actually paid under authority from E. F. Bullard, and was omitted in the account through mistake, they would have the right to allow it to the defendants as a credit in the account between the defendants and E. F. Bullard; to which the plaintiff excepted, and requested the court to charge that, under the facts of this case, the defendants were estopped from setting up said $100 mistake against the plaintiff in this action, which was refused.

None of the exceptions are now insisted on, except the first; and that, I think, is not tenable. If the note for $75, made by E. F. Bullard and payable to Harrington at the defendants' store, was tainted with usury, the plaintiff is not in a condition to set up the usury in avoidance of so much of the account stated by his assignor. Whether there was usury in the transaction depended upon Bullard's testimony, who stated that the money was loaned by him to Harrington, for the accommodation of the latter. If so, the discounting of it by the defendants, for $70, was usurious. On the contrary, if it was not an accommodation note, but belonged to the payee, and was given for a debt of the maker, there was no usury in its inception, and the defendants were at liberty to purchase it from Harrington for $70, or any other sum that they agreed upon. Conceding, however, that it was a usurious loan, and might have been avoided by E. F. Bullard, the borrower, the plaintiff, under the circumstances of this case, cannot interpose the statute against usury, in his behalf. Bullard, in December, 1856, stated an acount with the defendants, in which was included the $75 note in question, and admitted it as an offset against a corresponding amount in his favor, and cancelled the one in payment of the other. The bal-

ance claimed as due to him was $109.11, over and above all the items he had allowed as payments; and this account as stated by him, Bullard himself testified, was the one he assigned to the plaintiff. The plaintiff brought his action to recover this balance, claimed to be due from the defendants to his assignor upon such accounting. On the trial, he attempts to impeach, on the ground of usury, one of the items on the credit side of the account which his assignor had allowed as a payment, and struck the balance accordingly. This he could not do. If there was any usury in the case, his assignor had waived it, and when an assignor waives the defense of usury the assignee cannot set it up. Here the assignor did not merely waive the defense of usury, and sell the account subject to the items allowed and admitted by him to be proper offsetting items; but the purchaser took it subject to such items, and thereby bound himself to allow and pay them. Again: in the complaint the plaintiff admitted the payments allowed by his assignor, and sought only to recover the excess or balance claimed by such assignor as being due at the time of the assignment. The important issue raised by the pleadings was the amount paid to E. F. Bullard, and, according to the plaintiff's own showing, one of the payments made to and allowed by Bullard was the $75 note, sought to be avoided on the ground of usury. He cannot be permitted to deny the payments averred in his complaint (which includes all allowed by his assignor), nor question the validity of them.

There is another conclusive ground against the plaintiff. No one but a party to a usurious loan, or his heirs, devisees or personal representatives, can avoid a usurious contract on account of usury. (*Post* v. *The Bank of Utica*, 7 Hill, 391; *Rexford* v. *Widger*, 2 Comst. 131.) Usury cannot be set up by a stranger to the original transaction. A purchaser from the borrower is not included in the term borrower, and cannot avoid a note or mortgage for usury.

(*Schermerhorn* v. *Talman*, 4 Kernan, 127.)   Nor is a right of action to avoid notes or contracts, on account of usury, assignable.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.