DANIEL W. STOCKWELL and another·*v.* OWEN D. PHELPS.

When a party in possession of land, claiming adversely to all others, sells to a third party the hay cut therefrom during such occupancy, the legal title thereto passes to his vendee, as against a party claiming title to said premises, although not in possession.

Replevin *in the cepit* can only be brought where trespass could be maintained; and that will only lie for an injury to the land in possession of the plaintiff.

APPEAL from judgment of Supreme Court. The action was brought ·to recover about three tons of hay, claimed to be the property of the plaintiffs, and which, at the commencement of the action in July, 1856, was, in pursuance of the statute, delivered to the plaintiffs by the sheriff of Orleans county. The defendant answered, denying that the plaintiffs owned the hay.

The cause was tried by a referee, who found these facts : That the hay in question grew upon the farm known as the Owen Wild farm, in Yates, Orleans county, New York, and that at the time it was cut from said farm Owen Wild was in the actual possession of the farm, controlling it and claiming it as his own, and holding it adversely to the plaintiffs, and had been for some time before, and did for some time after; that the plaintiffs had, at the time the hay was cut, title to the said farm in fee simple; that the hay in controversy was sold and delivered by Owen Wild to the defendant during the time Wild held the farm adversely to the plaintiffs ; that when the action was commenced the farm was held adversely to the plaintiffs by Wild ; that the amount of the hay was three tons, and that the same was worth twenty-one dollars.

The referee's legal conclusions were, that the plaintiffs could not recover for the hay, and had no legal right, at that time, to take the same from the defendant, and directed a judgment in favor of the defendant for a return of the property or the value thereof; to which decision the plaintiffs excepted.

On appeal to the General Term the judgment was affirmed, and the plaintiffs appeal to this court.

*B. L. Bessac*, for the appellants.

*J. H. Reynolds*, for the respondent.

WRIGHT, J. The land from which the hay in controversy was cut, was, at the time of the cutting, in the actual possession of one Owen Wild, he claiming the premises as his own, and holding them adversely to the plaintiffs, who had the title in fee. While thus in actual possession, holding adverse to the plaintiffs, Wild sold and delivered the hay to the defendant, whereupon the plaintiffs brought replevin for the same. The referee held that the plaintiffs could not recover for the hay, and gave judgment for the defendant.

The judgment was right. Wild, when the action was commenced, was in the actual possession of the premises from which the hay in question was cut, claiming them as his own, adversely to the plaintiffs; and whatever right the plaintiffs might have had to maintain an action after obtaining possession of the premises, it is clear they had no right of action whatever when this one was commenced. Replevin, or an action in the nature of replevin, *in the cepit*, can only be brought when trespass could be maintained, and that will only lie for an injury to land when the plaintiff is in possession (*Brets* v. *Bahn*, 3 Denio, 79; *De Mott* v. *Hagerman*, 8 Cow., 220); and Wild, being in the actual possession of the premises, claiming them as his own, is regarded as the owner as to all the world until after a judicial decision. The remedy of the plaintiffs was a judgment against Wild for mesne profits in an action of ejectment, or by action of trespass after having got possession of the land.

It may be, that the referee merely found as to the character of the possession of Wild at the time the hay was cut; and, by him, sold and delivered to the defendant. But that was a question of fact, and his finding is conclusive in this court that it was adverse to the plaintiffs. It is not our province

to reverse questions of fact, but to take the facts as found by the original tribunal.

The judgment should be affirmed.

PECKHAM, J. Upon the facts found by the referee, there can be very little doubt as to the correctness of the judgment. The plaintiffs insist that, under the evidence, Wild never could have held the farm adversely; that he was estopped from any such holding; that he was there as tenant at will or at sufferance of the plaintiffs; and then they insist that the evidence showed no adverse possession. Neither of these questions is here for review, as neither seems to have been made before the referee. No objection seems to have been taken to evidence showing or tending to show an adverse possession; no point presented to the referee that the evidence given was legally insufficient to prove it.

The weight of the evidence cannot be here examined on an allegation that the referee erred as to a finding of fact. That was exclusively for the Supreme Court. The simple question here is, can this action be maintained against one who has purchased the hay of a party in possession of a farm, claiming it as his own against the world, and holding it adversely — the action being brought before the plaintiffs have recovered possession of the farm? I think it is well settled that the action cannot be sustained.

For the first act of trespass in entering upon the land, the owner may maintain an action, but not for after acts until he first regain possession. This applies, I think, under the authorities, to all cases of ouster of the owner. (*Holmes* v. *Seely*, 19 Wend., 507, 509, and cases cited; *Dewey* v. *Osborn*, 4 Cow., 329, 338; *Demott* v. *Hagerman*, 8 id., 220.)

The possession here alluded to is something more than a mere act of trespass. It must be so long continued, and so far yielded to, as to constitute a possession to the exclusion of others — an occupancy as distinguished from a mere act of trespass.

The plaintiffs insist that the possession of the defendant in

the case at bar was a tenancy at will or at sufferance of the plaintiffs.

If that were so, it does not necessarily follow that this action would lie. Suppose the tenant at will remains in possession for six months or for a year, gets in and gathers the crops, for what is he liable to the owner? For the use and occupation of the premises, not for the value of the crops; nor do the crops of grain or grass, as a general rule, belong to the owner of the land under such circumstances. But if the tenant commit waste on the land — if he cut down trees without authority, and contrary to his agreement as tenant, either express or implied, remove them from the premises and sell them, trover will lie against him by the owner. (*The People* v. *Alberty*, 11 Wend., 160.) And if the trees, after being cut, lie awhile, and are then removed and sold, trespass will lie. A nice distinction. (*Schermerhorn* v. *Buell*, 4 Denio, 422.)

Whether a vendor remaining in possession after having sold and delivered a deed of the premises, can hold adversely to his vendor, it is not necessary to decide. But there are authorities looking in that direction. (*Jackson* v. *Benton*, 1 Wend., 341; *Zeller* v. *Eckert*, 4 How. U. S., 289.)

Judgment affirmed.