JAMES VAN ETTEN, Respondent, *v.* WILLIAM CURRIER, Appellant.

A wife and minor children were in possession of and carried on a farm for their own use, the husband and father being in a distant State. On the 28th of August, the wife agreed to sell certain harvested crops for $100, and took a note for the amount, a part of which was paid by the purchaser. On the 24th of September, the sheriff levied on the crops so sold, but still on the premises, and sold the same to satisfy judgments against the husband.

*Held,* that the title to the property in question was in the wife, and her sale was a valid sale, hence the same was not liable for debts of the husband, and the sheriff was a trespasser.

APPEAL from the Supreme Court. The action was for the conversion of a quantity of hay and oats, claimed by the plaintiff under a purchase from Eunice Griffin.

The defendant justified as purchaser at a sheriff's sale, under judgments and executions in favor of third parties, against Epenetus H. the husband of Eunice Griffin.

The referee found, substantially, as matter of fact, that in May, 1852, by arrangement between Mr. and Mrs. Griffin, Russell and Colwell, the premises on which the hay and oats in question were produced, were conveyed by Russell to Mrs. Griffin, and a mortgage for the amount of the purchase-money, was executed by her and her husband to Colwell. Prior to the conveyance, Griffin had occupied the premises. The mortgage was afterward foreclosed, and Colwell purchased the property in August, 1853. In November following, he brought an action against the mortgagors to obtain possession of the premises. Griffin had gone to Illinois before that suit was commenced, and he did not return to this State until a few days before the hearing in this action, which was in March, 1855. He left his wife and three minor children, and she managed the farm with the assistance of a son about nineteen years old, using the team and farming implements which belonged to her husband. Colwell obtained judgment, and was put in possession of the premises on or after the 28th of September, 1854.

The hay and oats in question had been harvested by Mrs. Griffin in the summer of 1854. They were worth $100. After they were put in the barn, and on the 28th of August, 1854, she agreed to sell them to the plaintiff, and took his note for the price, a part of which was afterward paid. On the 24th of September the sheriff levied on the property under executions against Griffin the husband. On the 30th, the day of sale, Mrs. Griffin notified the sheriff that the property belonged to Van Etten, and the defendant, with notice of this fact, purchased and took it away.

The conclusions of the referee were, that the title of the premises was in Mrs. Griffin in May, 1852; that she was in the actual occupancy, until removed under the writ of possession; that the title of the hay and oats was in her, and that under the purchase from her, the plaintiff became the owner; that the defendant wrongfully converted them; and that the plaintiff was entitled to judgment for $106.66, with costs.

An appeal was taken to the General Term of the eighth judicial district, and the judgment was there affirmed. The opinion of the court was delivered by Mr. Justice MARVIN. The case is reported in 29 Barbour, 644.

M. B. Champlain, for the appellant.

Z. A. Kendall, for the respondent.

PORTER, J. Unless the law has been misapplied to the facts as found by the referee, the judgment should be affirmed. (Grant v. Morse, 22 N. Y.; Carman v. Pultz, 21 id. 547.) It does not appear that the judgment debtor was at any time the owner, either of the hay and oats seized by the sheriff, or of the farm on which they were raised. As between Mrs. Griffin and her husband, the premises and their produce belonged to her; and as the referee has not found that any fraud on his creditors was either committed or meditated, there is nothing to justify the seizure of her goods in satisfaction of her husband's debts. (Gage v.

*Dauchy,* 34 N. Y. 293, 297; *Buckley* v. *Wells,* 33 id. 518, 521, 522; *Knapp* v. *Smith,* 27 id. 277.)

It is claimed in behalf of the appellant that the sale by Mrs. Griffin to the plaintiff was void under the statute of frauds. That is a question which he is not in a position to raise. He was neither a party nor a privy to the transaction he seeks to impeach. He cannot assert, in her behalf, a defense which she elected to waive. The purpose of the statute of frauds is to provide a shield for the protection of parties, and not to furnish a weapon for the use of strangers and trespassers. (Browne on the Statute of Frauds, § 130; *Bohannan* v. *Pace,* 6 Dana, 194; *Cahill* v. *Bigelow,* 18 Pick. 369; *Bullard* v. *Raynor,* 30 N. Y. 197.)

The appellant also claims that Colwell, the mortgagee, acquired a retroactive title to the hay and grain in question, under the writ of possession issued on the 28th of September. The facts found by the referee do not warrant this conclusion. The property had previously been sold to the plaintiff, and at the date of the writ it was in the custody of the sheriff, through whose wrongful act in seizing and selling it as the property of Griffin, the defendant claims to justify. The supposed title of Colwell is not set up in the answer, and even if it had been alleged, it would have been unavailing to the appellant, who occupies the position of a naked trespasser. (*Stockwell* v. *Phelps,* 34 N. Y. 363; *Parsons* v. *Dickinson,* 11 Pick. 352; *Ely* v. *Ehle,* 3 N. Y. 506; *City Bank* v. *Moore,* 29 id. 554; *Laverty* v. *Moore,* 33 id. 658.)

The judgment should be affirmed.

PARKER, J. In May, 1852, one Russell conveyed a farm to Eunice Griffin, wife of Epenetus Griffin, and she, at the same time, gave one Colwell a mortgage on the farm for the purchase-money, in which her husband joined. In August, 1853, Colwell foreclosed the mortgage, and himself bid off the premises on the sale. In November, 1853, he brought ejectment against Griffin and wife, to recover possession of the premises, and on the 28th of September, 1854, obtained judgment, and soon after was put into possession.

Epenetus Griffin, before the commencement of the eject-ment suit, left the State, and did not return until March, 1855. In his absence, his wife and minor son carried on the farm, using his team and farming tools, and raised a quantity of hay and oats, which in August, 1854, she sold to the plaintiff for $100, for which he gave his note, a portion of which, before the levy hereinafter mentioned, he paid. The property sold was not removed by him, but remained in the barn on the place.

On the 24th of September, 1854, executions upon two judgments against Epenetus Griffin, obtained on the 21st of February, 1854, were levied upon the hay and oats thus sold to the plaintiff, and on the 30th of September the same was sold under such executions to the defendant, who thereupon took and carried them away. At the time of the sale defendant had notice of plaintiff's claim to the property.

Upon this state of facts the referee, by whom the cause was tried, directed judgment for the plaintiff.

There can be no doubt that the property in question, belonged to Mrs. Griffin, and not to her husband. The farm was conveyed to her, and there are no facts shown in the case, raising a resulting trust in favor of the creditors of her husband. True, her title was cut off by the foreclosure and sale, but she still kept possession, and in her husband's absence, raised the crops which are the subject of controversy in this action. She had capacity to own and use property, real and personal, independently of her husband and his cred-itors. There is no foundation in the facts found, or which the evidence even tends to prove, for the assumption of the defendant's counsel, that she derived the farm directly or indirectly from her husband. Her holding over after the mortgage sale, is not therefore to be deemed his holding, but her own. Neither he nor his creditors had any right to the crops she raised upon the premises thus held, unless, under circumstances showing that she raised them for him, which do not appear in this case. (*Knapp* v. *Smith*, 27 N. Y. 277; *Gage* v. *Dauchy*, 34 id. 293.)

The fact that the title to the farm was in Colwell at the time when the crops were raised does not make them his. He was then seeking to obtain possession through an action of ejectment then pending, and was not entitled to the crops harvested before he obtained judgment, but only to the *mesne profits*. (*Stockwell* v. *Phelps*, 34 N. Y. 363.)

The sale from Mrs. Griffin to the plaintiff, shown in the case, is sufficient to invest plaintiff with the title, although the language of the referee in his finding upon this question is ambiguous: "Said Eunice made an agreement with said plaintiff to sell him the oats and hay, and took his note therefor, a part of which has been paid," and might be construed to mean an agreement to sell *in futuro*. Still it may, taken together, mean a present sale; and, in support of the judgment, should be so construed, the more especially as the evidence shows it to have been such.

The defendant cannot upon the case as it stands before us, set up the statute of frauds against the plaintiff's title. No such question was raised upon the trial, and we cannot see from the findings that the statute was not complied with. In order to have raised that question the defendant should have procured a finding of fact showing a want of compliance with the statute, or put into the case a request and refusal so to find, with an exception to the refusal. (*Grant* v. *Morse*, 22 N. Y. 323.)

The judgment appealed from is, I think, correct, and should be affirmed.

All the judges concurring, except GROVER, J., who did not vote,

Judgment affirmed.