## VAN ETTEN *v.* CURRIER.

### June, 1867.

[Affirming 29 *Barb.* 644.]

A wife's title to a farm, owned by her, and carried on by her and a minor son, was cut off by foreclosure ; and, while she was holding over, in the absence of her husband, she sold crops, which she had harvested before udgment in ejectment against her brought by the purchaser at the foreclosure. *Held,* that in the absence of proof of fraud, the buyer of the crops acquired good title as against the purchaser of the land at the foreclosure sale ; and, as against the husband's creditors.

James Van Etten sued William Currier in the supreme court, for the conversion of hay and oats.

In May, 1852, one Russell, by arrangement between all the persons concerned, conveyed a farm to Mrs Eunice Griffin, wife

of Epenetus Griffin; and she, with her husband, Epenetus, gave to one Colwell a purchase money mortgage, which Colwell afterwards foreclosed, buying in the premises himself, at the foreclosure sale, in August, 1853; and, then, by an action of ejectment against Griffin and wife, he obtained possession, in September 1854.

Before commencement of the ejectment suit, Mr. Griffin left the State, and was absent until after his wife's dispossession; his wife with her minor children carried on the farm in his absence, using his team and tools, and raised the hay and oats, the property in which was in controversy in this action. In August, 1854, she sold this hay and oats to plaintiff, and took his note, for the price, part of which he paid before defendant's levy, but he did remove the hay and oats.

On September 24, 1854, defendant caused executions on judgments, which he had recovered against Mr. Griffin, the husband, in February, 1854, to be levied on this produce, and a sale made. At the time of the sale he had notice of plaintiff's claim.

*The supreme court,* on substantially the same ground as taken in the opinions in this court, affirmed judgment for the plaintiff. Reported in 29 *Barb.* 644. Defendant appealed.

*M. B. Champlain,* for defendant, appellant;—Cited Gage *v.* Dauchy, 38 *Barb.* 622;* Switzer *v.* Valentine, 10 *How. Pr.* 109; Combs *v.* Bateman, 10 *Barb.* 573; Ireland *v.* Johnson, 28 *How. Pr.* 463; S. C. 18 *Abb. Pr.* 392; Teed *v.* Teed, 44 *Barb.* 96; Ely *v.* Ormsby, 12 *Id.* 570; Brabin *v.* Hyde, 30 *Id.* 265;† Artcher *v.* Zeh, 5 *Hill,* 200; Shepard *v.* Philbrick, 2 *Den.* 174; Aldrich *v.* Reynolds, 1 *Barb. Ch.* 613; Gillett *v.* Balcom, 6 *Barb.* 370; Lane *v.* King, 8 *Wend.* 584, 587; Dewey *v.* Osborn, 4 *Cow.* 329; 4 *Johns.* 215; 16 *Id.* 289; 20 *Id.* 61; Hoyt *v.* Van Alstyne, 15 *Barb.* 568; Duncan *v.* Spear, 11 *Wend.* 54; Young *v.* Hichens, 6 *Q. B.* 606; Smith *v.* Miller, 1 *T. R.* 480; Putnam *v.* Wyley, 8 *Johns.* 432; Ward *v.*

---

* Reversed in 34 *N. Y.* 293.
† Reversed in 32 *N. Y.* 519.

Macauley, 4 *T. R.* 489 ; Gordon *v.* Harper, 7 *Id.* 9 ; Spencer *v.* Field, 10 *Wend.* 87 ; Stone *v.* Wood, 7 *Cow.* 453.

*Z. A. Kendall,* for defendant, respondent.

PORTER, J.—Unless the law has been misapplied to the facts as found by the referee, the judgment should be affirmed. Grant *v.* Morse, 22 *N. Y.* 323 ; Carman *v.* Pultz, 21 *Id.* 547. It does not appear that the judgment debtor was at any time the owner, either of the hay and oats seized by the sheriff, or of the farm on which they were raised. As between Mrs. Griffin and her husband, the premises and their produce belonged to her; and as the referee has not found that any fraud on his creditors was either committed or meditated, there is nothing to justify the seizure of her goods in satisfaction of her husband's debts. Gage *v.* Dauchy, 34 *N. Y.* 293, 297 ; Buckley *v.* Wells, 33 *Id.* 518, 521, 522 ; Knapp *v.* Smith, 27 *Id.* 277.

It is claimed in behalf of the appellant, that the sale by Mrs. Griffin to the plaintiff was void under the statute of frauds. That is a question which he is not in a position to raise. He was neither a party nor a privy to the transaction he seeks to impeach. He can not assert, in her behalf, a defense which she elected to waive. The purpose of the statute of frauds is to provide a shield for the protection of parties, and not to furnish a weapon for the use of strangers and trespassers. *Browne on Stat. of Frauds,* § 130 ; Bohannan *v.* Pace, 6 *Dana,* 194; Cahill *v.* Bigelow, 18 *Pick.* 369 ; Bullard *v.* Raynor, 30 *N. Y.* 197.

The appellant also claims that Colwell, the mortgagee, acquired a retroactive title to the hay and grain in question, under the writ of possession issued on September 28. The facts found by the referee do not warrant this conclusion. The property had previously been sold to the plaintiff, and at the date of the writ it was in the custody of the sheriff, through whose wrongful act in seizing and selling it as the property of Griffin, the defendant claims to justify. The supposed title of Colwell is not set up in the answer, and even if it had been alleged, it would have been unavailing to the appellant, who

occupies the position of a naked trespasser. Stockwell v. Phelps, 34 N. Y. 363; Parsons v. Dickinson, 11 Pick. 352; Ely v. Ehle, 3 N. Y. 506; City Bank of New Haven v. Perkins, 29 Id. 554; Laverty v. Moore, 33 Id. 658.

The judgment should be affirmed.

JOHN M. PARKER, J. [After stating above facts.]—There can be no doubt that the property in question, belonged to Mrs. Griffin, and not to her husband. The farm was conveyed to her, and there are no facts shown in the case, raising a resulting trust in favor of the creditors of her husband. True, her title was cut off by the foreclosure and sale, but she still kept possession, and in her husband's absence, raised the crops which are the subject of controversy in this action. She had capacity to own and use property, real and personal, independently of her husband and his creditors. There is no foundation in the facts found, or which the evidence even tends to prove, for the assumption of the defendant's counsel, that she derived the farm directly or indirectly from her husband. Her holding over after the mortgage sale, is not therefore to be deemed his holding, but her own. Neither he nor his creditors had any right to the crops she raised upon the premises thus held, unless there were circumstances showing that she raised them for him, which do not appear in this case. Knapp v. Smith, 27 N. Y. 277; Gage v. Dauchy, 34 Id. 293.

The fact that the title to the farm was in Colwell at the time when the crops were raised does not make them his. He was then seeking to obtain possession through an action of ejectment then pending, and was not entitled to the crops harvested before he obtained judgment, but only to the mesne profits.[*] Stockwell v. Phelps, 34 N. Y. 363.).

The sale from Mrs. Griffin to the plaintiff, shown in the case, is sufficient to invest plaintiff with the title, although the language of the referee in his finding upon this question is ambiguous: " Said Eunice made an agreement with said plaintiff to sell him the oats and hay, and took his note therefor, a part of which has been paid:—" and it might be construed to mean an agreement to sell in futuro. Still it may, taken

---

[*] Compare Harris v. Frink, 2 Lans. 35, rev'd in 49 N. Y. 24.

together, mean a present sale; and, in support of the judg-
ment, should be so construed, the more especially as the evi-
dence shows it to have been such.

The defendant can not, upon the case as it stands before us,
set up the statute of frauds against the plaintiff's title. No
such question was raised upon the trial, and we can not see from
the findings that the statute was not complied with. In
order to have raised that question the defendant should have
procured a finding of fact, showing a want of compliance with
the statute, or put into the case a request and refusal so to find,
with an exception to the refusal. Grant v. Morse, 22 N. Y.
323.

The judgment appealed from is, I think, correct, and should
be affirmed.

All the judges concurred, except GROVER, J., who did not
vote.

Judgment affirmed, with costs.