In the Matter of the Application of THOMAS B. PRITCHARD, as Administrator, etc., of MARY B. PRITCHARD, Deceased, Appellant, to Discover Certain Property of Said Decedent Claimed to Be Withheld.

PAULINE H. PRITCHARD, Respondent.

Fourth Department, June 5, 1929.

*Clarence P. Moser*, for the appellant.

*Arthur E. Sutherland, Jr.* [*Eugene J. Dwyer* of counsel], for the respondent.

TAYLOR, J. Mary B. Pritchard was judicially declared incompetent in 1915. Since that time petitioner, appellant, has been the committee of her person, and the Rochester Trust and Safe Deposit Company and its predecessor have been committee of her property. In November, 1928, the trust company was notified that respondent Pauline H. Pritchard was the owner of one-half of 1,070 shares of Eastman Kodak Company stock held by the trust company as the property of Mary B. Pritchard. This is a proceeding to determine the right to ownership and possession of these 535 shares. Respondent alleged in her answer that on September 1, 1915, decedent Mary B. Pritchard sold, transferred and conveyed the 535 shares of stock to her. Appellant replied, alleging that on February 4, 1925, by a written instrument, for a valid consideration, respondent released and surrendered to the decedent, incompetent, all her right, title and interest in and to the stock, and consented to cancel the instrument by which it was conveyed. The administrator under subdivision 3 of section 443 of the Civil Practice Act, petitions for a separate trial to determine the scope and meaning of the document last mentioned. Respondent, in her answer, alleges that the paper was not a release, or reconveyance, but merely a document delivered as collateral security for the repayment of loans made by Mary B. Pritchard to respondent's husband. The learned surrogate denied the application for a separate trial, and this appeal results

Respondent's claim that the loan transaction accompanying the giving of the " release " was usurious is without merit, since the loan was made to respondent's husband. (*Bullard* v. *Raynor*, 30 N. Y. 197.) The claim of respondent which has received approval from the learned surrogate is that the determination of the true meaning of the document of February, 1925, will necessarily involve the question whether the document of September 1, 1915, was the result of fraud and duress practiced by respondent upon her mother-in-law, and will result in two trials of all the issues instead of one. We see no probability of such a development. For the efficacy of the 1915 document, and the circumstances surrounding its execution and delivery, can have no bearing, directly or collaterally, upon the question now at issue. It is the legal effect of the 1925 instrument — not the consideration supporting the document which called it into being, nor the capacity or freedom from restraint of Mary B. Pritchard in 1915 — which is to furnish the issue now involved. The administrator, appellant, does allege generally that the 1915 instrument was tainted with fraud, duress and incompetency. But the position he takes with

respect to the desired separate trial is that the "release" (which is really a reconveyance or an agreement to cancel the document transferring the stock) concludes respondent in any event. In good conscience appellant is foreclosed by the moving papers before us from attacking the stock transfer instrument unless he fails upon the first trial.

Respondent does not and cannot contend that the stock transfer document was not a valid and enforcible instrument in every respect when delivered. For the nullification of that document would remove the whole foundation upon which rests her claim of ownership of the stock. Respondent's attention must logically be directed solely at the character and legal effect of the transaction of February 4, 1925.

The order appealed from should be reversed, with ten dollars costs and disbursements to appellant against respondent, and the application granted.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements to appellant against respondent, and motion for separate trial of issues granted.