## GRANT *v.* MORSE *et al.*

Construction of a referee's finding of facts. The appellant is bound to procure such a statement of the facts as will show, necessarily, that the law is in his favor.

The general conclusion of the referee is to be construed as involving a finding upon all the material questions, though such a finding be not expressed in terms.

In order to found an objection upon the omission of the referee to find, one way or the other, upon a particular issue of fact, he should be specifically requested to do so, and an exception taken to his refusal.

APPEAL from the Supreme Court. Action for labor and materials expended in building certain additions to the defendant's tannery. In their answer, the defendants set up a counterclaim for damages sustained by them in consequence of the negligent and unworkmanlike manner in which the plaintiff had constructed certain leaches—a part of the work he had undertaken. Issue was taken upon the counterclaim by the reply. The case was tried before a referee, whose finding is stated in the following opinion. The judgment for the plaintiff, entered upon the referee's report, having been affirmed at general term in the third district, the defendants appealed to this court. The cause was submitted on printed arguments.

*Isaac Anderson*, for the appellants.

*Archibald C. Niven*, for the respondent.

COMSTOCK, Ch. J. The report of the referee states that in June, 1853, the plaintiff agreed with the defendants to build for them a leach house and eighteen leaches of a certain size and shape, for which he was to be paid the sum of $343 : that the work was completed about the first of August in the same year and was then accepted by the defendants. He further states that the leaches, on being filled and tried in September, sprung and leaked; but in November following the defendants, in accounting with the plaintiff, admitted the whole contract price to be due and owing to him. On these facts the general conclusion of the referee was, that the plaintiff was entitled to receive the price of the work, and judgment was given accordingly. The case contains no other statements of the conclusions of fact and law; and upon this statement we do not find that any error in law was committed. It may be conceded that the plaintiff was bound to perform his work with reasonable care and skill, and that such performance was a condition precedent of the right to demand the compensation. The finding shows that after the leaches were finished and accepted by the defendants, they sprung and leaked, but this is not equivalent to a finding that the workman was careless or unskillful in the performance of his contract. Such most certainly may have been the case, but it is not a necessary and inevitable inference from the facts stated. As the referee did not draw any such conclusion, it is not for this court to draw it for him. It is by no means difficult to conceive that causes other than the fault of the contractor may have occasioned the springing of the leaches, and as the defendants afterwards admitted the whole price to be due, it is not unreasonable to infer that they intended to exonerate him from any blame in the matter. At all events, to raise a question of law in this court, the facts should have been explicitly found. The party appealing must make his case and have it settled, with such a statement of the facts as will show necessarily that the law is in his favor. If he does not, every intendment not absolutely unreasonable in itself will be against him. Judgments are not reversed in this court because the facts found by a referee or a judge do not

affirmatively sustain them. On the contrary, the judgments of subordinate courts are presumed to be right unless it appear that a rule of law has been violated after assuming that the facts have been viewed in the most favorable light which the case will admit of.

In the argument submitted on behalf of the appellant, it is urged that the referee ought to have allowed damages to the defendants by way of recoupment for a violation of the contract on the part of the plaintiff, and we are referred to the evidence in support of this position. But to this we answer, it is not a function of this court to examine the evidence upon a trial and draw conclusions thereupon. The referee has not found that any such damages were sustained, nor even that the contract was not performed. His general conclusion that the plaintiff was entitled to the judgment recovered, implies that he had a different view of the evidence, because we are not to presume that he erred in the law.

It is also said that the judgment ought to be reversed because there is not an express finding upon the issues of fact presented by the pleadings and involved in the case. If the record disclosed that the referee was requested to find upon these issues and refused to do so one way or the other, a question would be presented not now necessary to be determined. We have before us the evidence at large, and a report of the referee to be filed as the authority for entering the judgment. The defendants themselves prepared the case for a review. It was their privilege, in procuring the referee to settle it, to require him to find upon all the issues one way or the other. If he refused so to do, no doubt the Supreme Court would have granted a new trial for that very reason; or if not, then an exception to such a refusal might perhaps have been available in this court. But nothing of this kind appears, and we are therefore left to infer that the general conclusion of the referee as contained in his report did involve a finding by him not in terms expressed, upon all the material questions. We are not able to say from the record that he refused to determine the issues before him, and the contrary is to be presumed from

Grant *v.* Morse.

the judgment itself. We think the judgment must be affirmed on these grounds.

All the judges concurring,

Judgment affirmed.