G. FRED. REED, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF BROOKLYN.

Where a contractor has neglected or refused to complete his contract in a material point, it does not follow that the owner waives its performance by taking possession of, and occupying, the building, in its defective condition.

ACTION to recover the last installment upon a contract, made by plaintiff's assignors with defendants, to build a school-house for them. A claim was also made for extra work. The whole contract price was $2,921, payable in five installments, as the work progressed, upon the certificate of the committee on school-houses, or of some one by them designated, that it had been completed to their satisfaction. The last payment was to be $421, when the house was fully completed, and that payment was never made; the others were. The referee to whom the cause was referred, found that the work had never been completed; that a sink was not completed, which it would cost $100 to finish; that a certificate for the last payment was refused, and not unreasonably, and that no extra work was done. As conclusion of law he found for the defendants, and after affirmance of the judgment entered thereon, the plaintiff appeals to this court.

*John Sessions*, for the appellant.

*Thomas H. Rodman*, for the respondent.

PECKHAM, J. Upon the findings of fact by the referee, there seems to be very little ground for an allegation of error in this case. It is insisted that the building was accepted, even if it were not completed according to the contract. No such fact is found, nor was the referee required so to find. If necessary to support the judgment, we are probably bound to presume that he found the other way, in accordance with his judgment. (*Grant* v. *Morse*, 22 N. Y., 323.)

If the contractor has neglected, and refuses, to complete his contract in a material point, it does not follow that the owner waives its performance by taking possession of, and occupying, the building, in its defective condition. An owner is not put to so absurd an alternative as either to lose and abandon his building, worth, perhaps, $10,000, or to occupy it at the peril of paying for work not performed, or of waiving thereby the performance of any substantial covenant of the contractor.

Upon the case as presented here, there seems no ground for relief, even though the referee erred in his finding of facts. For an error of that character, as a general rule, the appeal is confined to the Supreme Court.

This includes, also, the finding in regard to the extra work. If the Supreme Court committed any error, it was not one within the province of this court to correct.

The judgment must, therefore, be affirmed.

All the judges concurring,

Judgment affirmed.