## CITY BUILDING AND LOAN COMPANY *v.* FATTY.

### December, 1867.

Where the case contains no finding of facts, an appeal to the court of appeals is not entitled to be heard.

A bond and mortgage given to a building association is not usurious because it requires the payment of interest on the whole principal, and also the monthly reduction of the principal by the payment of installments, which installments are to be made a fund to be divided among the members of the association.

Building associations formed under the act of 1851 have implied power to reserve interest upon loans made by them.

The City Building and Loan Company of Buffalo sued George L. Fatty and others, to foreclose a mortgage given by defendant Fatty, and wife, to the plaintiff.

The plaintiff, a corporation organized under *L.* 1851, c. 122,

was an association of persons under a mutual agreement to contribute regularly to a common fund, sums of money proportionate to the interest of each member as expressed in shares, until the fund should be increased sufficiently to divide to each member the numerical amount of his shares, after deducting contingent expenses and losses. The statute and articles of association empowered the association to advance to the shareholders bidding the largest premium, the amount of the ultimate value of his shares.

The defendants, being the owner of nine shares, of two hundred dollars each, by purchase from Elijah Ford, an original subscribing member of the association, received thereon an advance of one thousand three hundred and forty-two dollars, which sum, together with the premium bid by defendant, made up the one thousand eight hundred dollars, the amount of the shares, and also of the bond and mortgage, which the defendants executed to the plaintiff upon receiving such advance, in accordance with the statute and the articles of association of the plaintiff.

The cause was tried by the court without a jury, and seven hundred and fifty-six dollars and eighty-eight cents found due the plaintiff; for which sum judgment was entered, and affirmed at general term. The defendant appealed to this court.

*Riley Saunders,* for defendant, appellant.

*C. Beckwith,* for plaintiff, respondent,

J. M. PARKER, J.—This action is brought to foreclose a mortgage executed to the plaintiff by George L. Fatty and Louisa Fatty, his wife. It was tried at a special term of the superior court of the city of Buffalo, and resulted in a decision in favor of the plaintiff, upon which judgment was rendered, which the general term of that court, on appeal, affirmed. The record shows no findings of fact by the special term, and its only conclusions of law are the decision, " that there is due to the plaintiff, on the bond and mortgage mentioned and set forth in the complaint, the sum of seven hundred and fifty-six dollars and eighty-eight cents;" and the direction that "judg-

ment be entered for a foreclosure sale," containing the ordinary provisions and directions, including the one that, if the moneys arising from the sale be insufficient to pay the amount due, &c., "the defendant, George L. Fatty, who is personally liable for the payment of the debt secured by the bond and mortgage, pay to the plaintiff the amount of such deficiency," &c. These conclusions and decisions were excepted to by the defendant.

Inasmuch as the appellant has failed to bring before this court the facts of the case in the only way authorized by the Code,—that is, by the *findings* of the court at special term (*Code of Pro.* § 268, subd. 2 and 3),—it is quite impossible for us to say that there is any error in the decision of the special term.

The allegations of error made by the appellant's counsel in his points are, that the loan for which the bond and mortgage were given were usurious; that the plaintiff had no corporate authority to exact *any* interest, and hence the act of loaning on interest was *ultra vires ;* that the bond was illegal and void, because it does not appear that the advance was made for the objects contemplated by the act under which the plaintiff became incorporated, and that the bond was both usurious and illegal, because neither defendants Fatty nor his wife were stockholders in the association when the loan was granted, and therefore the loan is not saved from being usurious by the provisions of the act on that subject.

It is manifest that all these objections to the plaintiff's right to a judgment in its favor, rest upon assumed facts. We cannot go into an examination of the evidence to see whether the facts necessary to sustain the objections exist. Grant *v.* Morse, 22 *N. Y.* 323; Cady *v.* Allen, 18 *Id.* 573; Phelps *v.* McDonald, 26 *Id.* 82; Leland *v.* Cameron, 31 *Id.* 115.

If we look into the pleadings, to see whether the necessary facts on which to raise the defendant's objections there stand admitted, we find that no facts are there admitted. The answer contains a general denial of all the allegations of the complaint. Neither is there any defect in the plaintiff's case, as stated in the complaint, which, even if taken as it there stands, presents any obstacle to the judgment. It is true, as the defendant's counsel insists, that the bond therein set forth

requires the payment of seven per cent. interest on the whole principal sum of one thousand eight hundred dollars, notwithstanding it also requires the monthly reduction of such principal, by the payment of installments of nine dollars per month. But these payments are to continue only "until the object of the said City Building and Loan Association, as contemplated in and by its articles of association, should be attained and accomplished "—that is, until the fund accumulated shall amount to two hundred dollars per share, when it is to be returned to the members of the association. The money loaned, therefore, is not to be absolutely repaid; and· the requirement to pay interest on the whole principal, after it shall have been reduced by the monthly installments, does not make the bond usurious. There is nothing in the complaint showing how nearly the defendant's share, or the whole number of shares into which the stock of the association was divided, was paid up; and consequently, nothing showing but that two hundred dollars per share would be ready to be returned to the members entitled to it; and thus the "object contemplated by the articles of agreement be attained and accomplished," upon the payment of the first monthly installment required by the bond.

In regard to the objection, that the loan upon interest was beyond the corporate authority of the plaintiff, we find, upon looking into the act, that it contemplates the making of loans to members of the association, without prohibiting loans upon interest. The taking of interest is so much the ordinary incident to a loan, that the authority to loan implies it, and it was not an act *ultra vires* in the corporation to make a loan on interest. The other objections, resting wholly upon facts assumed, but not shown to exist, must also fail to be sustained.

The judgment should be affirmed.

All the judges concurred, except BOCKES, J., absent.

HUNT, J., also read an opinion for affirmance.

Judgment affirmed, with costs.