## ISAAC G. MILBURN, Appellant, v. ROBERT BELLONI and Others, Respondents.

*Measure of Damages—Warrantee—Breach—Natural Consequences.*

In an action for a breach of warrantee that the article sold (as brick dust) is of a particular quality (free from soft-dust) and fit for the use for which it was purchased (the making of brick), the rule of damage includes all damage which is the natural consequence of such breach. Thus, if, by containing soft-dust, the brick were injured or destroyed, their value would be included in the damage.

THIS was an action to recover damages for breach of a warrantee in the sale of a quantity of coal-dust, the warrantee being that the dust was free from the dust of soft-coal. At the time of the purchase the Plaintiff was a manufacturer of brick, and purchased the dust in question to be used in combination with other materials in that manufacture.

The referee finds that, at the time of the sale, the Plaintiff inquired if it was free from soft-dust; stated that he would not have it if there was any such intermixture in it, saying that if it had, it would damage or destroy his brick. He also finds that the dust was sold upon a warrantee that it was free from any intermixture of soft-dust.

The dust had an intermixture of soft-dust, which injured, and to some extent destroyed, the brick intended to be manufactured.

The damages sustained in this manner were determined by the referee at the sum of $650, for which sum he reported in favor of the Plaintiff. The General Term of the Second District reversed the judgment entered upon this report, on the ground that the rule of damages was the difference in value, simply, between the article contracted for and the article received.

The Plaintiff appeals to this Court from the order granting a new trial, stipulating that judgment final may be ordered against him in the event of the affirmance of the said order.

*D. C. Ringland* for Appellant.
*Gilbert Dean* for Respondents.

HUNT, CH.J.—The order reversing the report of the referee does not state that it was reversed on the ground of error in fact. It must therefore be held to have been reversed upon questions of law merely (Code, § 272).

In such case, it is settled by numerous decisions, that in its consideration in this Court all facts not expressly stated are to be assumed in support of the report, and that any fact, the reverse of which is not found by the report, may be invoked in its aid (22 N. Y. 323).

* There is fair evidence upon which the referee must have found that the vendor warranted the dust as fit for the making of brick.

In the present case, we may upon this principle hold it as the fact, that when the Plaintiff purchased the dust in question, he stated to the Defendants that he wanted it to use in making brick; that if it had in it any soft-dust, it would destroy his brick; that the Defendants sold and warranted it to be used for that purpose, and as free from the objectionable material, and that if it had been so free, it would have made good brick.

It is apparent, from the whole tenor of the report, that such was in truth the understanding and intention of the referee.

In the recent case of Passinger *v.* Thorburn (34 N. Y. 634), all the cases are reviewed by Judge Davies.

There the Defendant had sold a quantity of cabbage-seed, and had warranted that it would produce Bristol cabbages. It turned out to be seed of an inferior quality, and the crop produced was of little value. Under the rulings of the Judge, the jury gave the Plaintiff, as damages, the value of the crop, as it would have been if of Bristol cabbage, as ordinarily produced that year, deducting the expense of raising the crop, and deducting also the value of the crop actually raised therefrom. This principle was sustained in this Court. The case of Smeed *v.* Foord (1 Ell. & Ell. 602) laid down the rule that the Plaintiff was entitled to recover the damages which are natural consequences of the breach of

contract.   A machine to be used for thrashing wheat was not delivered at the time agreed upon, in consequence of which the wheat was stacked, and afterwards injured by the rain.   This injury, and the loss and expense which it involved, were held to be the natural results of the Defendant's delay.

In Borradaile *v.* Brunton (8 Taunt. R. 535) the loss of the anchor was held to be a natural result of the insufficiency of a cable sold for holding an anchor, warranted to last for two years.

In Brown *v.* Edgington (2 Man. & G. 279) the loss of a pipe of wine by the breaking of a rope attached to a crane, sold for that use, was held to fall properly within the scope of damages for selling an insufficient rope to be used upon such crane.

The case of Passinger *v.* Thorburn is decisive of the present case.

I think the rule of damages was right, and that the order granting a new trial should be reversed, and that the judgment of the Special Term should be affirmed.

Reversed.

JOEL TIFFANY,
State Reporter.