VANDEWALKER v. OSMER, appellant.

*Vendor and vendee — false representation by vendor — duty of vendee to examine property.*

Plaintiff purchased a farm of defendant. Plaintiff testified that, in the city of Watertown, previous to the purchase, defendant told him there were no daisies on the farm. Afterward he visited the farm when he asked defendant if there were daisies on it, and was told there were none. He looked over the farm but did not examine to see if there were daisies, but relied on defendant's statement in making the purchase.

Vandewalker v. Osmer.

*Held* (TALCOTT, J., dissenting), that, while plaintiff might have relied on defendant's statement, made in Watertown, it was his duty, while on the farm, to make a personal examination as to the existence of daisies, and if daisies could have been seen at that time, he could not claim to have been misled by defendant's statement.

The same principles apply in cases of false representation as in those of warranty. If the property is not present, the purchaser may rely on the representation, but if the property is present and nothing is said or done by the vendor to induce the purchaser not to examine it, and the falsity of the representation is palpable to the senses, the purchaser cannot be permitted to omit examination and justify his omission by the representation.

THIS action is brought to recover damages of the defendant for false and fraudulent representations made by him, that there were no daisies or other foul weeds on a farm owned by the defendant, and which the plaintiff was negotiating with defendant to purchase.

The plaintiff was a witness in his own behalf, and testified that on the 25th of September, 1870, he met the defendant in the city of Watertown and asked him if he knew of a farm for sale in his neighborhood. Defendant replied he had one. Plaintiff asked him if it was free from foul weeds, such as daisies, mustard, and all such, and he said it was. Plaintiff then said he would go up and see it. Plaintiff told him if there were any daisies on the farm, he did not want it. Defendant said it was free from daisies and all foul weeds.

Plaintiff further testified that he relied on this representation. Plaintiff went to the farm on two or three occasions subsequent to this interview, and before completing the trade, went over parts of it where daisies were growing, but did not see them, nor think of them. He did not then know daisies unless they were in flower, and although he had them in his mind while on the farm, did not see them. Evidence was given tending to prove that at the time plaintiff examined the premises, daisies could not be seen, because the season was a dry one, and cattle in such seasons eat the daisies.

On these occasions, when he visited the farm for the purpose of examining it, he put the same questions to defendant as to the weeds, and especially daisies being on the farm, and received each time substantially the same answers.

The witness was asked the following questions, and gave the following answers thereto, viz.:

"Q. When you was on the farm two or three days after, you had not relied upon his word up to that time had you?" "A. I had not really."

"Q. When did you commence to rely upon his word?" "A. I had not at all till after that."

"Q. You never had much reliance upon it, had you?" "A. No, I had not much; yes, I had — before that we had the talk here and up there."

"Q. Tell the jury why you deemed it necessary to have him make the representation again?" "A. Because I wanted to make it certain."

"Q. Were you not certain already?" "A. I wanted it strong enough, so as to have it all right."

Another witness was called, who corroborated the evidence of the plaintiff as to the representations made in the city, and another who corroborated him as to the representations made at the farm.

Evidence was given tending to prove that there were daisies on the farm at the time of the trade, and that they diminished the value of it.

On the other side, the defendant was examined as a witness in his own behalf, and denied ever having made the representations testified to by the plaintiff and his witnesses; that there were daisies on the farm, and they could be seen by any one passing over the farm. Witnesses were called who testified that they were present on the occasions when plaintiff was at the farm, and when he stated the false representations were repeated, and they did not hear any such representations made. Evidence was given tending to impeach the character of one of plaintiff's witnesses, who testified to hearing the representations made in Watertown, and evidence was given in support of his reputation.

Evidence was also given tending to show that the daisies on the farm were plainly visible when plaintiff went to examine it, and upon the amount of damages.

The judge, in his charge to the jury, told them that the first question for them to examine was, whether the representations charged in the complaint were made as sworn to by the plaintiff and his witnesses. If they found them to be made, they were to inquire whether they were false. If found to be false, the next question for them would be, whether they were calculated to impose upon a prudent and careful man. If the defendant spoke in regard to the condition of the farm, he was bound to speak the truth; and if by these representations, that there were no daisies on the farm, he misled the plaintiff — induced him to omit to examine the farm

as he otherwise would have done — he, plaintiff, was not bound to exercise that degree of diligence which he might have been bound to exercise if nothing had been said on the subject.

The jury were also told that the representations, if made and false, and the plaintiff was misled by them, and was induced by them to enter into the contract for the purchase of the farm, were material.

They were further instructed to inquire, whether the plaintiff relied upon these representations.

The defendant's counsel excepted to the part of the charge in which the jury was told that, if the plaintiff was misled, he was not bound to exercise that degree of diligence that would otherwise have been required of him, and he excepted to all that was said in the charge about putting plaintiff off his guard, as having no predicate in the evidence.

The court told the counsel that, if he claimed the representations were not material, he would submit that question to the jury.

The counsel excepted to the remark of the judge, that it would be probable that the plaintiff would rely upon the representations.

To this the court replied, that he would qualify the remark by saying it was question for the jury, whether a man, under the circumstances in which the plaintiff stood, would not rely upon the representations of the defendant.

The defendant's counsel requested the court to charge, that if the plaintiff had the means of ascertaining the true condition of this farm with respect to daisies and neglected to inform himself, this action could not be maintained.

The court said that he would charge that, subject to the qualifications already made on that subject — that is, he must use such care and prudence as an ordinary, careful, prudent man would exercise, and in that regard the vendor must say or do nothing to mislead him.

To this qualification defendant's counsel excepted.

The jury rendered a verdict for $200, for which sum, with costs, judgment was entered.

Defendant's counsel moved for a new trial, and the motion was denied.

*D. O'Brien*, for appellant, cited 2 Pars. on Cont. (4th ed.) 271; note *y*; 2 Kent's Com. (10th ed.) 673; *Starr* v. *Bennett*, 5 Hill, 303;

*Van Epps* v. *Harrison,* id. 63; *Tallman* v. *Green,* 3 Sandf. 437; *Smith* v. *Countryman,* 30 N. Y. 655; *Scott* v. *People,* 62 Barb. 84; *Clark* v. *Baird,* 7 id. 64; *White* v. *Seaver,* 25 id. 235; *Davis* v. *Sims,* Hill & Denio, 234; *Howell* v. *Biddlecom,* 62 Barb. 131; *Breese* v. *United States Telegraph Co.,* 48 N. Y. 132; *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256; *Mooney* v. *Miller,* 102 Mass. 220; *Brown* v. *Castle,* 11 Cush. 348; 2 Allen, 212; 8 id. 334; 2 Leigh's *Nisi Prius,* 1079; *Slaughter* v. *Grierser,* 13 Wall. 383; 5 Hill, 69; 1 Stark. 75; 30 N. Y. 682.

*Wynn & Porter,* for respondent.

I. The action being for fraudulent statements in regard to the condition of the farm as to daisies can be maintained, notwithstanding the agreement first entered into, and the deed given are both silent as to such representations, the complaint alleging as the gravamen of the action, fraud on the part of defendant by which plaintiff was induced to enter into the contract. The defendant on the trial made no question in regard to this, and probably will not in this court. The case of *Koop and Græpel* v. *Handy et al.,* 41 Barb. 454, is sufficient authority on this point.

III. As a reason why the defendant should be permitted to do this wrong — tell the falsehood he did tell plaintiff, and go free — it is claimed in his behalf by his counsel that plaintiff could have discovered the daisies if he had only looked for them. The defendant cannot be relieved from his fraud by any such excuse, and upon the facts as well as the law applicable to his case. The judgment must be affirmed. *Haight* v. *Hayt,* 19 N. Y. 464.

Judge GROVER, at page 468, says: "A party making fraudulent representations upon a sale of property by him, cannot defend himself as a matter of law, upon the ground that a bystander stated the real facts. The purchaser may rely upon the statements of the vendor, and whether he does so rely, and is thereby induced to purchase, is a question for the jury." *Clark & Hoyt* v. *Rankin,* 46 Barb. 570; *Mead, adm'x,* v. *Bunn,* 32 N. Y. 275, 280; *Smith* v. *Countryman,* 30 id. 655.

V. As a further reason for an affirmance of the judgment, we give the opinion of Judge HARDIN, given by him on his denial of the motion for a new trial as follows (in part): "The defendant's counsel puts his motion upon the ground, that when a vendee of

land has in his power all the means necessary to acquire knowledge, of a farm, if he does not avail himself of them, the vendor is not liable for fraudulent misrepresentations."

The first case cited by him is found in Lalor's supplement to Hill & Denio, page 234, and is the case of *Davis* v. *Sims & Bates.*

Justice NELSON delivered the opinion of that court, and says: "The evidence shows nothing beyond the expression of an opinion on the part of the defendants in respect to the character and quality of the farm in question," and he then comments upon the facts and adds: "No man of ordinary intelligence could or would regard this as the assertion of a fact which should influence him in the purchase — it did not imply knowledge." He then proceeds to liken it to the case of a mere expression of a value of a term, and reaches the conclusion that the facts of the case did not establish a fraudulent statement of a fact, and for that reason a cause of action had not been shown. "To the extent of the doctrine there decided, there is no case that has qualified or changed the rule which has been claimed to apply to this case." "The defendant's learned counsel next cites *Clark* v. *Baird*, 7 Barb. 64, and claims that the doctrine of that case is applicable here. That case was tried a second time and resulted in a verdict for the plaintiff, and was then considered in the court of appeals, and is found reported in 5 Selden, page 183.

JOHNSON, J., in his opinion, at page 197, says: "The material injury is as to the fraud and damage, and not as to particular species of property as to which it has been perpetrated," and cites *Whitney* v. *Allaire*, 1 N. Y. 305.

GARDINER, J., in the case of *Whitney* v. *Allaire*, says, the rule in regard to real estate "harmonizes with the law in relation to personal property — requires fair dealing from the vendor in each case, and permits the vendee without a penalty upon his credulity to trust to declarations of material facts within the knowledge of the other party — in a word to treat with the vendor upon the presumption that he is an honest man." The case of *Tallman* v. *Greene*, 3 Sandf. 437, and the case of *Leonard* v. *Pitney*, 5 Wend. 30, are substantially overruled by the cases already quoted, and such was the opinion of ALLEN, J., in respect to them in 35 Barb. 241. The law given to the jury in this case is substantially as stated in the very able opinion of Justice MULLIN in *Smith* v. *Countryman*, 30 N. Y. 655. See 32 N. Y. 275. The question, as to whether

the vendee was actually deceived, was left to the jury by the terms of the charge, and the qualifications in respect to *caveat emptor* given to the jury in substance as it is laid down in the opinion of MARVIN, J., in *Clark* v. *Rankin*, 46 Barb. 570.

MULLIN, P. J.  There is no error in the charge.  The jury were properly instructed as to the law relating to fraud in the sale of property.

The request to charge presents the question, whether a representation made by a vendor relieves the vendee from the exercise of that care, and caution and observation that he would be bound to exercise if no representation was made, and it seems to me that it may.  Reliance is and must be placed in the statements that men make to each other, and there are occasions when they are required to speak, and to speak truthfully, and, notwithstanding the degeneracy and depravity of the race, there are those who will put reliance on another's word.  And I trust the time is far distant when the courts will be compelled to assume that "*all men are liars*," and that they must not depend on any thing they may say.

If reliance is placed on a representation made during the negotiation for the sale of property, it necessarily leads the other party to be less careful than he would be if the representation had not been made.

The object in asking for the statement of the vendor, as to the quality of property, is to obtain an assurance that it is as the purchaser desires it to be, and not unfrequently for the purpose of being relieved from making the examination which he would otherwise be obliged to make.

And it is for this reason that the law steps in and makes the vendor liable to the vendee for such damages as he may sustain should the statement turn out to be false.

While it is true that the purchaser may, by relying on the representations of the vendor, be misled, and omit to make that careful examination of the property that a prudent man would and should make, yet a jury should require the clearest proof that the purchaser was induced, by the representation, to omit to examine the property.

It will not do to permit a vendee having the property before him, and defects in it plainly discernible, to close his eyes and ears and omit to use his senses, and pretend that he relied on the representations and was thereby misled.

In cases of warranty, an obvious defect is not covered by the warranty, and it is because the law requires the purchaser to examine the property with that degree of care and skill that men generally are capable of exercising in respect to property they are proposing to purchase.

The same principles should apply in cases of false representation. If the property is not present, the purchaser may rely on the representation; but if the property is present and nothing is said or done by the vendor to induce the purchaser not to examine it, and the falsity of the representation is palpable to the senses, the purchaser cannot be permitted to omit examination and justify his omission by the representation.

Had the plaintiff made the purchase of the farm on the representation made in Watertown, and without going upon the farm, he could, with great propriety, say he relied upon the representation; but when he went on to the farm and had an opportunity to ascertain whether there were daisies upon it, and did not give the slightest attention to them, he ought not to be permitted to recover unless it be true, the daisies could not then be discovered by reason of the drouth or having been eaten by the cattle.

Had the representation been that there was a fine, large, brick house upon it, but in fact it was a log hut, and before completing the purchase the plaintiff had gone to the farm and into the house, would a verdict in his favor for damages by reason of the falsity of the representation be permitted to stand? I do not think that the evidence in regard to the difficulty in plaintiff's way of ascertaining whether there were daisies on the farm should be permitted to excuse the plaintiff from the duty to examine in order to discover whether there were or were not daisies upon it. He says he did not, when on the farm, attempt to ascertain whether there were daisies on it because the subject did not occur to his mind, and yet he says, that on two occasions while at the farm he inquired of defendant in relation to them because he "wanted to be eertain;" "*he wanted it strong enough so as to have it all right.*"

The plaintiff admits that he could have seen the daisies in the plowed land, if he had thought to look for them, and such is the evidence in the case.

I cannot resist the conclusion that the verdict is, on this branch of the case, without evidence to support it, and it should for that reason be set aside.

I do not discover any error in the charge of the court.

The judgment should be reversed and a new trial ordered, costs to abide the event.

TALCOTT, J., dissents.                          *So ordered.*