HENRY ZULLER AND OTHERS, RESPONDENTS, *v.* WILLIAM C. ROGERS AND ANOTHER, APPELLANTS.

*Warranty — measure of damages — Sale and delivery — executory contracts.*

In an action for a breach of warranty, arising out of the sale of a canal boat which was proved to be unfit to navigate the canal, *held*, that the measure of damages was : first, general damages, which would consist of the difference between the value of the boat as she was, and as she was warranted to be , and, second, the special damage sustained by delays, loss of time, and other injury on the first trip of the boat, unavoidably sustained before the defects were ascertained.

In the case of executory contracts for the sale and delivery of personal property, when there is a warranty, the vendee may receive the property and rely upon his warranty.

*Reed* v. *Randall* (29 N. Y., 358) distinguished.

[*] See *Bevan* v. *Cooper*, 7 Hun, 117. — [REP.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, in an action for a breach of warranty in the sale of a canal boat by the defendants to the plaintiffs.

*Sedgwick, Andrews & Kennedy*, for the appellants.

*D. Pratt*, for the respondents.

E. DARWIN SMITH, J.:

The verdict, under the charge of the circuit judge, was doubtless based upon a finding by the jury that the sale was made upon a warranty. The defendants were boat-builders, and the boat was constructed to be used upon the Erie canal, and the warranty necessarily implied that she was properly constructed and adapted for the navigation of said canal. The breach complained of by the plaintiff was, that the said boat was built too wide and too high, and that she was unfit and unsuitable to navigate the said canal, and would not pass safely through the locks upon said canal or under the bridges over the same.

The plaintiff gave proof satisfactorily establishing the breach of said warranty in these particulars, and the question at the Circuit was narrowed chiefly to one of damages. The boat, it also appears, was designed and constructed to convey wheat in bulk, and this was well understood by both parties, and she was immediately, upon her completion, loaded at Jordan, the place where she was constructed, with a cargo of wheat, and started for Albany with such freight. During the trip it was found that the boat was too wide to pass safely through the locks, and too high to pass safely under the bridges over the canal, and she became more or less injured and sprang a leak, which caused more or less delay and detention to secure her freight and transport it to its destination.

The damages which the plaintiff was entitled to recover upon this state of facts, I think it quite clear, were: 1st. General damages, which would consist of the difference between the value of the boat as she was and as she was warranted to be. (*Cary* v. *Gruman*, 4 Hill, 625; *Passenger* v. *Thorburn*, 34 N. Y., 634.) And 2d. The special damage sustained by delays, detention, loss of time and other injury on the first trip of said boat, unavoidably

sustained before her defects were ascertained. (Sedgwick on Damages, 350; *Ferk* v. *Sank*, 12 Wis., 276; *Rose* v. *Wallace*, 11 Ind., 102; *Milburn* v. *Belloni*, 39 N. Y., 53.) No proof of any damages sustained, as or for consequential damages from injury to the wheat on said boat, was given, or other special damages, except for delays and detention by the way.

The first exception taken by the defendants was based upon the ground that the boat being sold upon an executory contract, the plaintiffs were bound to discover its defects before delivery, and were concluded by their receipt of the same. This exception was not well taken. The plaintiff bought with warranty, and the case of *Reed* v. *Randall* (29 N. Y., 358) does not apply to cases of warranty. The vendee in such case may receive the property and rely upon his warranty. (*Dounce* v. *Dow*, 57 N. Y., 16; *Day* v. *Pool*, 52 id., 416.)

Proof showing the value of the use of the boat, horses and crew, per day, was admissible under the ruling of the circuit judge, allowing the pleadings to be amended so as to include such damages.

The defendants' counsel excepted to that portion of the charge, wherein the judge instructed the jury that in estimating the damage they might take into consideration and allow the expense of unloading, storing, and reloading the grain. The judge answered: " Unless he was negligent in not taking the boat on the dry dock at Frankfort lock." The counsel excepted to the charge with this qualification. The judge then said: " I will ask the jury, in writing, to find expressly upon that fact; to find whether the plaintiff's agent was negligent in not taking the boat on the dry dock — the first dry dock in question below Frankfort." This question was accordingly submitted to the jury in writing, who answered it in the negative. Upon the portion of the charge referred to in this exception, and this question submitted to the jury, they would be authorized to embrace in their verdict the expense as proved, of unloading, storing and reloading the 9,100 bushels of wheat said boat contained, which, as the judge states the proof, would amount to ninety-one dollars for unloading, storage same amount, ninety-one dollars, and reloading same amount, ninety-one dollars, making $273 for work never done, and expenses not in fact incurred. I

cannot see upon what principle these portions of the charge can be upheld.

The proofs tending to show these facts were also objected to when offered, and received under the objection and exception by the defendants.

This evidence was clearly inadmissible. It tended to establish an imaginary state of facts, and furnished no proper element of damages.

The plaintiff was also allowed to prove what the plaintiff's loss would have been, for the delay of the boat and crew while the cargo was being unloaded and reloaded, etc. The reception of this evidence, and the charge in respect to it, were also erroneous. The jury were allowed to find for four days' detention of boat and crew during this period, at fifteen dollars a day, sixty dollars.

Assuming that the jury followed and obeyed.these instructions of the circuit judge in these particulars, their verdict is erroneous to the amount of $333. The verdict in excess of this amount is fully warranted by the evidence.

It was proved that it would cost to cut down the cabins so as to make it safe for the boat to pass under the bridges, from $150 to. $200. This expense, with other items of damages clearly recoverable, would exceed the verdict, which was $460.

If the.plaintiff is content to deduct from the judgment the said sum of $333, and interest thereon from the time of the rendition of said verdict, then he should be allowed to retain it for the balance, and the judgment should be modified and affirmed accordingly; otherwise the judgment must be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Ordered accordingly.