ROSWELL T. SMITH, JOSEPH K. PRIEST, WILLIAM EARL, JR., AND JOHN G. BLUNT, APPELLANTS, v. JOHN B. NEWLAND, RESPONDENT.

*Conditional sale — forfeiture — demand.*

This was an action of replevin to recover a machine for clipping horses, sold to the defendant upon the condition that he should pay monthly a royalty of one dollar for each horse clipped with it, under penalty of forfeiting the machine. July first a demand for the royalties then due and for the machine was made. Subsequently plaintiff took defendant's check, post-dated several days, for the amount due, which was never paid.

This action was commenced without any return of the check and without any further demand. *Held*, that the complaint was properly dismissed; that after the taking of the check a new demand was necessary.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee. The action was replevin for a machine for

clipping horses. Defense, a general denial of plaintiffs' rights. Defendant bought and paid for the machine, and at same time contracted to pay to plaintiffs monthly a royalty of one dollar for each horse clipped with the machine, under a penalty of a forfeiture of the machine if such payments were not made. In July, 1873, a demand was made for the royalties due and also for the machine. It was then so arranged, after such demand, that plaintiffs should accept defendant's check, post-dated several days, for the amount then due, on a Troy bank. The check was not paid by the bank, and this action of replevin was brought for the machine, without any return of the dishonored check or demand of the machine. On November 7, 1873, defendant sent plaintiffs a postal order for twenty-two dollars and eighty cents, which covered the amount of the check and interest, but plaintiffs refused to receive it and sent it back. This action was commenced November 24, 1873. The referee found that, upon the facts, the action cannot be maintained, and that defendent was entitled to judgment. The plaintiffs appeal from the judgment entered thereon.

*Jno. F. Porter*, for the appellants.

*J. C. Green*, for the respondent.

BOARDMAN, J. :

The referee does not find any facts which could sustain a judgment in favor of the plaintiffs. Nor was he requested to find any facts which he has declined to find. The legal conclusion of the referee, from the facts as found by him, is therefore correct, and the exception thereto cannot be sustained, unless this court shall assume to find such additional facts from the evidence as will make the exception available. This is not, in my judgment, good practice. " The party appealing must make his case and have it settled with such a statement of the facts, as will show necessarily that the law is in his favor." (*Grant* v. *Morse*, 22 N. Y., 323.)

But disregarding such technical objection, I think the judgment is correct. Forfeitures are not favored in law. Plaintiff's claim of title arises by way of forfeiture, after payment of full value of the machine. Such forfeiture arises from non-payment of royalties. Before a right of action can accrue to plaintiffs, a demand must be

made for the machine after the royalties come due. This the referee finds was done. Afterward the plaintiffs accept of defendant's post-dated check for the amount due. By such acceptance the cause of action arising from the previous demand of the machine was extinguished, and the defendant lawfully retained the possession. The check did not pay the debt, but it amounted to a waiver of the forfeiture for previous non-payment thereof. It extended the time within which a payment would prevent a forfeiture. If at the expiration of that time the debt or the check was not paid, the plaintiffs were at liberty to treat it as a new forfeiture, and after a new demand and refusal, bring their action for the recovery of the machine. No such demand was made, and hence the action was improperly brought. The defendant continued entitled to the possession of the machine after the check was given, until a new demand was made. Before the maturity of the check plaintiffs could not have brought their action, because the time for the payment of the royalties had been extended by their acceptance thereof. After its maturity and non-payment, the right of action depended upon the new failure to pay, followed by a new demand. Hence I conclude the action could not be sustained, no proper demand having been made.

I am not clear that the proffer to pay twenty-two dollars and eighty cents, before action brought, should not bar the action. I do not think that time of payment was of the essence of the contract. A liberal construction should be given to avoid a forfeiture. The form of the tender was not objected to. The forfeiture was insisted upon. But it is not necessary to put our decision on this ground.

For the first reason stated the judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.