S. M. PENNOCK *v.* NELSON STYGLES.

*What Representations constitute a Warranty.   Acceptance not a Waiver of Warranty.*

1.  Some hops were sold by sample. An acceptance of them after inspection is not a waiver of the warranty, the vendee supposing them to be as represented.
2.  The age of the hops affected their quality. A false warranty of the age was essentially a false warranty of the quality.
3.  A charge of the court as to what representations of a vendor would amount to a warranty, *held*, correct.

ACTION, case for an alleged false warranty and deceit in the sale of hops. Plea, general issue; trial by jury, April Term, 1881, Lamoille County, POWERS, J., presiding, and verdict for the plaintiff.

The hops were purchased by one John Bacon, as agent for the plaintiff, on the 20th day of October, 1879, and delivered on the 4th day of November following. On the same 20th day the parties met at Morrisville, at the storehouse of Mr. Burke, where the defendant had two samples of hops; one packed in an ordinary bale, and the other thrown loosely into a small sack. The testimony of the plaintiff tended to show that the defendant represented the hops in the bale to be of the growth of 1878, and those in the sack of the growth of 1879; and that he thereupon

bought defendant's hops by sample, paying for the baled hops eleven cents per pound, and for the loose hops twenty-three cents per pound, which were the market prices then paid for hops of the growth of those years respectively.

The plaintiff's evidence tended to show that the sample of hops in the sack shown by defendant was, in fact, a sample of 1879 hops.

The testimony of the defendant tended to show that he made no representation as to the age of the hops ; and that he sold him ten bales to correspond with the sample in the bale, and eight or nine bales to correspond with the loose hops in the sack, at the above prices ; and that said Bacon then paid the defendant twenty dollars towards the purchase to bind the bargain.

The case was tried upon the question whether there was a warranty that the hops were respectively of the growth of 1878 and 1879. The only occasion when a contract of warranty was claimed by the plaintiff to have been made was on said October 20th, 1879.

The court charged as to the false representations as follows:

" Now, then, gentlemen, what is necessary to constitute a warranty ? It is not necessary that the word 'warrant' should be used. Any words, any representation that is made by a seller of property to the party about to buy it, stating its quality, its character or characteristics, made with a view of having the buyer understand that that representation is a true one and the buyer does so understand it and makes his purchase in reliance upon it, is a warranty. If Mr. Stygles represented to Mr. Bacon that the baled hops that he had there, as a sample, were hops of the growth of 1878, intending that Mr. Bacon should believe that to be the truth and Bacon did believe it to be true, whether he made examination or not, and relied upon the truth of that representation in making the purchase, that was a warranty—and so, also, if Stygles represented to Bacon that the other sample, in the salt sack, was of hops grown in 1879 and intended in thus making that statement to have Bacon believe it to be true, and Bacon did believe it to be true and relied upon it in making his purchase, that was a warranty."

. . . . . . .

" The defendant has made the claim in the case that if the hops were inspected by Mr. Bacon or the plaintiff, that defeats a re-

covery in this action. But we instruct you that that is not the law if there was a warranty made in this case. An acceptance of the goods does not defeat the right to maintain the action."

Defendant excepted.

*Brigham & Waterman*, for the defendant.

We insist that the acceptance of the hops was a waiver of any claim for damages on account of any warranty in the case. *Cole* v. *Champlain Trans. Co.*, 26 Vt. 87 ; *Crane* v. *Watson*, 28 Vt. 22. There was no fraud in the case, nor any latent defects. The acceptance, therefore, after a full examination, was a bar to all claim for compensation for any defects.

The party cannot under such circumstances retain the property and afterwards sue, or counter-claim, for damages under pretence that it was not of the character and quality or description called for by the agreement. *Gaylord Manufacturing Company* v. *Allen*, 53 N. Y, 515–19 ; *Dutchess Co.* v. *Harding*, 49 N. Y. 321 ; Benjamin on Sales, page 355, section 600, n. and case there cited ; *Reed* v. *Randall*, 29 N. Y. 358 ; *Hergous* v. *Stene*, 1 Seld. 73 ; *McCormick & Dawkins* v. *Sarsen*, 45 N. Y. 265.

This was a case of sale by sample. In such cases there is an implied warranty that the goods when delivered shall correspond with the sample, and an acceptance is a waiver of all claim for damages. Benjamin on Sales, p. 599, s. 648, note and cases there cited.

In this case there is no claim of an express warranty except as to the year's growth. This we say had no reference to the quality of the goods, and is not such a warranty as will afford the plaintiff any relief. It is analogous to the case of *Nichol* v. *Godtz*, 10 Ex. 191. There the sale was of " foreign refined rape oil, warranted only equal to samples."

*C. C. Burke and E. B. Sawyer*, for the plaintiff.

If there was a warranty the plaintiff had a right to receive the hops, with or without inspection, pay for them and rely upon his warranty. After acceptance, the present action was his only remedy, and no notice to the defendant was necessary before suit.

Pennock *v.* Stygles.

*Houghton* v. *Carpenter*, 40 Vt. 588 ; *Gilson* v. *Bingham*, 43 Vt. 410 ; *Richardson* v. *Grandy et al*, 49 Vt. 22.

The charge of the court as to what is necessary to constitute a warranty is well sustained by the authorities. Parsons on Con. p. 536 ; Chit. on Con. p. 450 ; 3 Vt. 55 ; 24 Vt. 114 ; 49 Vt. 22.

The opinion of the court was delivered by

VEAZEY, J.   Where there is a warranty as to quality, in a sale of chattels, though on inspection at the time of sale, if the property sold does not answer the warranty, it may still be retained by the vendee and the sale affirmed, and he may sue upon the warranty. *Houghton* v. *Carpenter*, 40 Vt. 588. An exception is noticed in some cases where the defect was known to the purchaser or readily discoverable. *Henshaw* v. *Robbins*, 9 Met. 83 ; *Vandewalker* v. *Osmer*, 65 Barb. 556 ; Benjamin on Sales, s. 616. Where no exception applies, the warranty is an independent contract and may be sued on when broken, like any other violated contract.   *Gilson* v. *Bingham*, 43 Vt. 410.

These rules were the basis of the charge to the jury to which exception was taken.   On the 20th of October, 1879, the contract of sale of the hops in question was fully made, and they were delivered on the 4th of November following, on inspection of the plaintiff's agent, he then believing they were grown in the years 1878 and 1879, as the defendant had represented.   The case was tried upon the question whether there was a warranty that the hops were respectively of the growth of those years.   The hops were sold by samples ; and the defendant's counsel requested the County Court, in substance, to instruct the jury that if the plaintiff examined and accepted them when delivered, it was a waiver of any claim on account of any warranty.   This the County Court refused, and charged that the acceptance did not defeat the right to maintain this action on the warranty.   The defendant's counsel make the same claim here as below, and that the warranty as to age was not a material warranty ; that it was simply a representation or description of the hops in an immaterial respect.   The answer is that the statements in the bill of exception show the materiality of the representation ; and the verdict, under a satis-

factory charge as to what constitutes a warranty, establishes that there was a warranty in fact.

The representation as to the growth of the hops was false, they having been grown previous years, which appears to have diminished their value materially; yet the plaintiff's agent believed when he made the examination on delivery at the depot, that they were grown the years represented. If the age of the hops could be determined on inspection it does not appear that he examined them with reference to age, but relied on the representation. We think the County Court was correct, under the circumstances disclosed, in holding that the acceptance was not a waiver of the warranty, or rights under it. Upon the facts stated in the bill of exceptions there is no ground for making any distinction between this warranty as to the age of the hops and the usual warranty as to quality. It was the age that affected the quality.

Judgment affirmed.