GEORGE FOX, RESPONDENT, v. GILES EVERSON AND OTHERS, APPELLANTS.

*Sale of seed — duty of the purchaser to examine it — measure of damages if clover seed be mixed with seed of plantain — how damages to land may be proved.*

The plaintiff applied to one of the defendants who kept a seed store, to purchase some clover seed. He told him he wanted good clean seed; that he could not see for himself as he had left his glasses at home and that he would have to leave it to the defendant to put it up. The defendant said that they always examined their seed before buying it, with a microscope; that they would not have bad seed in their store, and added, "leave it to me and I will put up pure clover seed." The plaintiff took the seed home mixed it, without making any examination of it, with some timothy seed worth about three dollars a bushel and sowed the mixture upon his farm. While he was sowing it one of his neighbors examined the seed, discovered it contained plantain seed and called the plaintiff's attention to that fact The plaintiff sowed about one acre more and then stopped. This action was brought by him to recover the damages occasioned by the presence of the plantain seed.

*Held,* that it was his duty to have examined the seed when he reached home, and that if by a fair examination he could then have discovered the plantain seed he was not entitled to recover.

That, if entitled to recover, the measure of damages was the difference between the value of pure clover seed and that of the seed actually sown, together with the difference between the value of the farm before the sowing of the plantain seed and its value after it had been sown.

That the value of the timothy seed with which it was mixed could not be recovered.

That in determining the damages sustained to the land it was competent to show the extent to which the weed had grown upon it, the expense and labor, together with the difficulty of removing and killing it, and the extent to which it would interfere with the growth and production of crops.

APPEAL from a judgment, entered upon the verdict of a jury for $550 damages in favor of the plaintiff, at the Onondaga Circuit.

*Randall & Randall*, for the respondent.

*C. B. Sedgwick*, for the appellants.

HAIGHT, J. :

This action was brought to recover damages alleged to have been sustained by the plaintiff upon the purchase of four bushels of clover seed, at eight dollars per bushel. The defendants were the keepers of a feed store in the city of Syracuse. The plaintiff claims that he went to their store and asked for some medium sized clover seed, of the defendant Frisselle ; that he told him he wanted some good clean seed ; that he could not see for himself, as he had left his glasses at home, and would leave it to him to put it up for him. The defendant to whom application was thus made, said that they always examined their seed before they bought it with a magnifying glass, and would not have bad seed in their store. He said, "leave it to me and I will put you up pure clover seed." The seed thus purchased of the defendant was taken home by the plaintiff and mixed with twelve bushels of timothy seed, worth about three dollars per bushel, and was then sowed upon the plaintiff's farm. While it was being sowed, one of the plaintiff's neighbors examined the seed and discovered that it contained plantain seed, and called the plaintiff's attention to it. The plaintiff thereupon sowed about an acre more, and then stopped. The plaintiff, after arriving at home, did not make any examination of the seed to see whether it was pure clover seed, prior to his attention being called to it by his neighbor. There was some conflict in the evidence upon the trial as to whether plantain seed was plainly visible, and easily distinguishable from clover seed. At the conclusion of the evidence the defendant requested the court to charge the jury that a purchaser of personal property has no right to proceed without inquiry or examination, and use an article which will damage his farm or business, relying upon a warranty which only goes to the nature or character of the article, and not to the effect of using it ; and then hold the vendor

responsible for the remote consequences of his own action, this was refused, and exception taken. The defendant also asked the court to charge, that if the plantain seed mixed with the clover seed was so plainly visible that a farmer, examining with a view of purchasing it for use, could have discovered them, on a fair examination, that then the plaintiff is not entitled to recover. This the court declined to charge, and the defendant excepted.

We are of the opinion that the requests were proper and should have been charged. Whilst the representations made by a vendor respecting the property sold may relieve the purchaser from the use of that care, caution and observation that he would ordinarily be bound to exercise in the purchase of property, still it will not do to permit the vendee, having the property before him and defects plainly visible, to shut his eyes and rely solely upon the representations. In the case under consideration at the time of making the purchase the plaintiff did not have an opportunity to see and examine the seed. His eyesight was defective; his glasses were left at home and without their aid he was unable to see. He was, therefore, at that time excused from making the examination and had a right to rely upon the representations of the vendor. This excuse, however, did not exist after he had taken the seed home where he had the opportunity of inspecting it before spreading it over his farm. It is possible that on making such an inspection he would not have discovered the presence of plantain seed. If, however, it was plainly visible and easily distinguished from the clover seed, it is probable he would have discovered it. We think that under the circumstances of the case it was the duty of the court to have submitted to the jury the question as to whether or not the plaintiff was guilty of negligence in not making an inspection of the seed before using it. ( *Vandewalker* v. *Osmer*, 65 Barb., 556; *Milton* v. *The Hudson River Steamboat Co.*, 37 N. Y., 210; *Hamilton* v. *McPherson*, 28 id., 72; *Day* v. *Pool*, 52 id., 416; *Miller* v. *The Trustees of the Mariners' Church*, 7 Me., 38.)

It is contended on the part of the appellants that an improper measure of damages was adopted. The court instructed the jury that the plaintiff might recover as an item of damages the value of the clover seed, the value of the timothy seed, and also damages to the farm on account of the sowing of the plantain seed thereon.

Damages for the breach of a contract are those which are incidental to and directly caused by the breach, and which may reasonably be presumed to have entered into the contemplation of the parties. Speculative profits or accidental or consequential losses cannot be recovered. It is the duty of a person suffering from the breach of a contract to make reasonable exertions to render the injury as light as possible. The ordinary rule in the sale of goods is that the party may recover the difference between the value of the goods, if they had corresponded with the warranty, and their actual value. This rule, however, has its exceptions, as where the goods are purchased for a particular purpose and that purpose is made known to the vendor. In such case a recovery can be had for the damages sustained by reason of the use of the articles for that purpose. (*Milburn* v. *Belloni*, 39 N. Y., 53; *Hamilton* v. *McPherson*, 28 id., 72.)

If, after the plaintiff had discovered that plantain was growing upon his farm, he could, by reasonable means, have rooted it out, and prevented its further growth, it was his duty to have done so. He would not be justified in lying idle and permitting the noxious weed to seed and spread over his entire farm, and thus enhance his damages. He is only entitled to recover such damages as he has actually sustained, and that necessarily would be expected to follow from the sale of the impure seed. It is contended on the part of the appellant that he is not entitled to recover any damages resulting to the land; that the evidence does not show that the plaintiff stated to the defendants, or either of them, at the time of making the purchase, that he wanted the seed for the purpose of sowing. Ordinarily this evidence would be necessary, in order to entitle the party to recover for such damages. But was not this intended use understood by the parties at the time of the sale? Clover seed has little, if any, commercial value, except for the purposes of seeding. It is merchantable, because it can be used for that purpose. We think it must have been understood by the defendants at the time of selling this seed that it was for the purpose of sowing it upon land. This being within the contemplation of the parties, the defendants are properly charged with such damages as must of necessity follow the sowing of the impure seed. Nothing, however, was said about the intention of the plaintiff to mix the seed with

timothy seed; and it cannot be contended that such act was under-stood by the defendants, or contemplated by them, in their contract. For this reason there could be no 'recovery for the timothy seed. The difference in value between pure clover seed and the seed actually sown, fully compensates the plaintiff for what he lost upon the purchase. The difference between the value of the land or farm before the sowing of the plantain seed, and the value of it after the sowing, furnishes him full compensation for the injury to the land, and in our judgment becomes the measure of damages in the case. For the purpose of determining the damages to the land it is doubtless competent to show the extent to which the noxious weed had grown upon the land from the seed sown; the expense and labor, together with the difficulty of removing and killing it; the extent to which it would interfere with the growing and production of crops.

The judgment should be reversed and new trial ordered, costs to abide the event.

Hardin, J., concurred; Smith, P. J., concurred in result.

Judgment reversed and new trial ordered, costs to abide the event.